UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                                         :
UNITED STATES OF AMERICA          :
                                                         :     Docket No.: 15-CR-769 (S-3) (AJN)
   -v-                                       :
                                                         :
ANTHONY R. MURGIO,                 :
MICHAEL MURGIO                       :
YURI LEBEDEV, and                    :
TREVON GROSS,                             :
                                                         :
                  Defendants.                :
------------------------------------- x

## YURI LEBEDEV'S OMNIBUS PRETRIAL MOTIONS

Eric M. Creizman (EC 7684)
Melissa Madrigal (MM 4572)
CREIZMAN PLLC
565 Fifth Avenue, Fl. 7
New York, New York 10017
T: (212) 972-0200
F: (646) 200-5022
E: ecreiz@creizmanllc.com

June 17, 2016

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT ................................................................................................................ 4

    I.     A Bill of Particulars is warranted to enable Lebedev to adequately prepare a defense, avoid surprise at trial, and, if acquitted of the bribery charges, to interpose a plea of double jeopardy with respect to subsequent charges of fraud. ......................... 4

        A.    Lebedev is entitled to know whether he is an "unindicted co-conspirator" in the wire fraud counts, the unlicensed money transmitting counts, and in the money laundering counts. ...................................................................................... 5

        B.    Lebedev is entitled to specification of the dates, locations, and amounts of bribes that *he* allegedly made in connection with the substantive bribery count.... 6

        C.    Lebedev is entitled to particulars supporting venue in the counts in which he is charged. ............................................................................................................. 7

    II.    The references to Lebedev in Paragraphs 3 and 5 of the Indictment's preamble should be stricken as surplusage because they are irrelevant and inflammatory.......... 8

    III.   The trial of Lebedev should be severed from the trials of his co-defendants or the trial of the bribery counts should be severed from the trial of the remaining counts in the Indictment. ................................................................................................... 10

    IV.   The Government should provide all *Brady* and *Giglio* material expeditiously. ................................................................................................................ 11

    V.    The Government should be ordered to produce sufficient notice of any evidence it will seek to introduce at trial under FRE Rule 404(b).............................. 11

CONCLUSION ........................................................................................................... 12

On behalf of Yuri Lebedev, we respectfully submit these omnibus pretrial motions: (i) for a bill of particulars; (ii) to strike surplusage from the Superseding Indictment; (iii) for a severance of counts under Fed. R. Crim. P. 14; (iv) for expeditious production of *Brady* and *Giglio* material; and (v) for notice of other act or uncharged evidence under FRE 404(b).

## PRELIMINARY STATEMENT

In the style of a certain popular politician, the government has determined that the the best course of dealing with its ill-conceived criminal prosecution against Yuri Lebedev is to double-down on its misguided positions, rather than address or correct them. Not long after he was added as a defendant in this case, Lebedev moved for a severance from his co-defendant Anthony Murgio on the grounds that Lebedev was charged in only one of four schemes relating to Coin.mx: bribing a credit union official. (Dkt. #38). Unlike Murgio, Lebedev was not charged with participating in a scheme to operate an unlicensed money transmitting business, participating in a scheme to defraud financial institutions and credit card companies by misrepresenting the nature of Coin.mx's business, or engaging in money laundering. Accordingly, Lebedev argued that a joint trial would result in unduly inflaming the jury by allowing it to hear evidence of alleged crimes associated with Coin.mx that he had nothing to do with and that would be inadmissible in a trial solely against him.

In response, rather than address Lebedev's argument on its merits, the government engaged in the deceptive tactic of lumping Lebedev in generally with the participants in the alleged Coin.mx schemes with which he was not charged, while purposefully omitting any reference to him in describing the specifics of those schemes. (Dkt. #52 at 6-7). Content with its success in playing this shell game in a brief, the

government raised the stakes by trying it with the grand jury, resulting in Superseding Indictment S-2, which in its preamble generally lumps Lebedev in with Murgio and others in alleged conduct "to evade detection of *their* unlawful Bitcoin exchange scheme," to "trick the major financial institutions through which *they* operated," and to "operate[] . . . *their* unlawful Bitcoin exchange." [Dkt. #57 at ¶¶5,9] [emphasis added].

Superseding Indictment S-2 purposefully confused matters further by alleging in one paragraph that Lebedev, with Murgio and others, "operated" Coin.mx and "enabled customers to exchange cash for Bitcoins," yet in the paragraphs following it, omits Lebedev's name when describing Murgio and "others'" alleged conduct: "knowingly and falsely represent[ing] to . . . banks"; "lying to financial institutions"; "deceiv[ing] banks and credit card issuers"; "misidentif[ying] and "miscod[ing]" credit and debit card transactions; "instruct[ing] customers of Coin.mx to lie to credit card issuing banks"; and "process[ing] and profit[ing] from . . . transactions conducted on behalf of victims of ransomware schemes." [Dkt. #57 at ¶¶6-9]. Tellingly, notwithstanding this reckless rhetoric, Lebedev *again* was *not* charged with participating in the alleged scheme to operate an unlicensed money transmitting business, in fraud, or in money laundering. [Dkt. #57 at ¶¶ 10, 11]. But it would take a very careful reader to discover that salient fact.

The government has tripled down on its prior pleading morass in the current operative indictment, Superseding Indictment S-3 (the "Indictment"), which repeats the allegations from S-2's preamble, and while adding a substantive bribery count against Lebedev, who previously was charged only in bribery conspiracy, *again* does *not* charge Lebedev in any counts relating to the crimes of operating an unlicensed money

2

transmitting business, fraud, or money laundering.  Apparently, the government believes it is perfectly proper to leave Lebedev wondering whether he is an unindicted co-conspirator in his own indictment, and to improperly lead the jury to believe that Lebedev's role in the offense was more significant than the government is willing to present to a grand jury (or maybe more significant than the grand jury was willing to sanction upon evaluating the evidence).

At a minimum, a bill of particulars is necessary in these circumstances to enable Lebedev to adequately prepare his defense, to avoid surprise at trial, and, if acquitted of the bribery charges in this Indictment, to interpose a plea of double jeopardy if the government later attempts to charge him, in connection with Coin.mx, with operating an unlicensed money transmittal business, participating in fraud, or engaging in money laundering.

Furthermore, this is one of those rare cases in which the Court should exercise its discretion under Rule 7(d) to strike certain references to Lebedev in the Indictment as surplusage because they suggest to the jury that Lebedev participated in crimes with which he is not charged, thus increasing the chances of his conviction.

In fact, given the government's style of pleading in this Indictment, it is clear that even if inflammatory and unduly prejudicial references to Lebedev are stricken, the government's likely approach at trial will be to lump Lebedev in with its allegations against the Murgios and other unindicted coconspirators, thus presenting the very real danger of jury confusion and prejudice that Rule 14 was designed to combat.

Indeed, the government's tactic of lumping Lebedev in with participants in offenses that he is not charged with violating has deceived even counsel for Lebedev's co-defendant Trevon Gross, who apparently believes that:

> (i) "The remaining counts [of the Indictment] charge defendants Anthony Murgio, Michael Murgio, and *Yuri Lebedev* with operating an unlawful Bitcoin exchange business by deceptive means through phony companies, including the Collectables Club." (Dkt. #129-1 at 1) (emphasis added).

> (ii) "The government alleges that Anthony Murgio, Lebedev, and their co-conspirators deceived the financial institutions with which they did business *in a variety of ways*. *They* 'operated phony websites.' *They* 'sought to trick the financial institutions . . . . They* also opened bank accounts . . . and 'knowingly and falsely represented' . . ., 'deceived banks and credit card issuers . . .,' and 'knowingly instructed customers . . .'" (Dkt. #129-1 at 3).

No *they* didn't. At least if "they" includes Yuri Lebedev. Because Yuri Lebedev isn't charged with fraud, or operating an unlicensed money transmitting business, or engaging in money laundering. But if the government can mislead defense counsel, then it can certainly fool the jury.

Accordingly, a severance of Lebedev's trial from that of his co-defendants, or a severance of the bribery-related counts from the other counts in the Indictment is warranted.

## ARGUMENT

**I. A Bill of Particulars is warranted to enable Lebedev to adequately prepare a defense, avoid surprise at trial, and, if acquitted of the bribery charges, to interpose a plea of double jeopardy with respect to subsequent charges of fraud.**

Within six days of being charged in Superseding Indictment S-1, counsel for Lebedev sent counsel for the government a request for a bill of particulars, to which the government did not respond. (Creizman Decl. Ex. A). On May 18, 2016, Lebedev's counsel sent counsel for the government a request for a bill of particulars with respect to the current Indictment, which the government again ignored. (*Id.* Ex. B).

4

Specifically, in his latest request for a bill of particulars, Lebedev asks the government to apprise him of the identity of the unindicted co-conspirators in the preamble of the Indictment and in each Count, and, specifically, whether Lebedev is an unindicted co-conspirator in any of the Counts in which he is not charged. (Ex. B, Requests ## 1, 2, 3, 4, 5, 12). Lebedev also asks that, with respect to the substantive bribery count—which he is charged with for the first time in this Indictment—that the government identify the dates, locations, and amounts of any allegedly corrupt payment *he* made to Trevon Gross. (Ex. B, Requests ##9, 10). In addition, Lebedev asks that the government specify events occurring in the Southern District of New York that support venue in this District. (Ex. B, Requests ## 6, 7, 8, 10).

**A. Lebedev is entitled to know whether he is an "unindicted co-conspirator" in the wire fraud counts, the unlicensed money transmitting counts, and in the money laundering counts.**

The disturbing pattern in the Indictment of alleging generally that Lebedev knowingly and intentionally engaging in crimes he is not charged with, and then omitting his name when providing factual detail concerning those crimes, presents the very real danger of unwarranted surprise at trial. Indeed, Lebedev does not know whether the government intends to prove that Lebedev was a co-conspirator in the fraud, unlicensed money transmitting, and money laundering offenses. He is left in the dark as to the essential information underlying the rolling deck of cards that are the allegations in this Indictment, forcing him to guess as to the nature of the charges against him. *See United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987) (granting a bill of particulars where the charges are "so general that they do not advise [the defendant] of the specific acts of which he is accused").

5

Furthermore, by on the one hand, suggesting that Lebedev participated in the fraud, money transmitting, and money laundering schemes, but, on the other, not charging him in those counts, the government leaves open the possibility of later bringing those charges against Lebedev if he is acquitted on the bribery counts. This Indictment provides a paradigmatic example of a pleading in which a bill of particulars is necessary to "define the crime charged sufficiently to bar future prosecution for the same offense." *United States v. Taylor*, 707 F Supp. 696, 700 (S.D.N.Y. 1989).

Finally, if the government is not required to specify whether Lebedev is a co-conspirator in the fraud, money transmitting, and money laundering offenses, Lebedev will not adequately be able to challenge the admission of co-conspirator statements that should not be admitted against Lebedev under FRE 801(d)(2)(E) because he was not a co-conspirator in the particular offenses that were the subject of the statements sought to be introduced.

Accordingly, the Court should order the government to identify the co-conspirators in Paragraphs 6, 7, 8, 9, 10, 11, 12, 17, 18, 25, 26, 30, and 31 of the Indictment, and at a minimum, whether Lebedev is one of them.

**B. Lebedev is entitled to specification of the dates, locations, and amounts of bribes that *he* allegedly made in connection with the substantive bribery count.**

Although Superseding Indictments S-1 and S-2 charged Lebedev with bribery conspiracy, and identified an overt act in which he allegedly "offered" Anthony Murgio "approximately $41,000," this Indictment also charges Lebedev with committing a substantive bribery offense. Especially given the countless financial transactions contained in the "mountains of documents" provided to defense counsel, Lebedev is entitled to specification as to the basic facts upon which the grand jury returned the

charge against him. *See United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987). Indeed, it is not Lebedev's job to guess at which transactions the government contends constitute his offense of bribery, nor can the government argue that it need not provide the requested information because Lebedev knows what transactions he participated in:

> The fact that a defendant may have some, or even all the information requested, does not necessarily defeat his right to a bill of particulars. The issue on a motion for a bill of particulars is what the Government intends to prove upon the trial in support of its charge. The defendant is entitled to this information in order to properly prepare to meet the charges and to avoid surprise upon the trial. The Government's position also disregards the fact that a defendant is presumed to be innocent and hence, that it must be assumed he is ignorant of the facts on which the pleader founds his charges.

*United States v. Spur Knitting Mills, Inc.*, 187 F. Supp. 653, 654 (S.D.N.Y. 1960) (Weinfeld, J.) (quotations omitted).

Courts in this Circuit have consistently required the government to provide the dates, amounts, and locations of alleged bribes with which a defendant is charged of giving or receiving. *See, e.g., United States v. Siddiqi*, 2007 WL 549420 (S.D.N.Y. Feb. 21, 2007); *United States v. Lino*, 2001 WL 8356 (S.D.N.Y. Jan. 2, 2007); *United States v. Ferrara*, 990 F. Supp. 146, 153 (E.D.N.Y. 1998). The government should be required to provide this basic, essential information here with respect to Mr. Lebedev in Count Four.

C. **Lebedev is entitled to particulars supporting venue in the counts in which he is charged.**

In certain circumstances, courts in this Circuit have exercised their broad discretion to order the government to provide particulars "describing facts it intends to establish at trial which it claims are sufficient to establish venue in this district." *United States v. Wilson*, 2001 WL 798018, *6 (S.D.N.Y. July 13, 2001). *See also*, *United States v. Szur*, 1998 WL 132942, *12 (S.D.N.Y. Mar. 20, 1998) (ordering the government to

provide particulars "detailing the basis for venue in this district"). This is especially critical with respect to Count Four of the Indictment as to Lebedev. Although Count Three arguably identifies certain overt acts in furtherance of the bribery conspiracy that touched this District, Count Four does not identify specifically the substantive bribery offenses that *Lebedev* committed in this District. The only specific act Lebedev is alleged to have committed in connection with bribery is alleged as an overt act of the conspiracy, in which he allegedly "offered" Anthony Murgio $41,000 to pay Trevon Gross. However, the government does not identify where that occurred. The government should specify which substantive bribery offenses Lebedev participated in within this District.

**II. The references to Lebedev in Paragraphs 3 and 5 of the Indictment's preamble should be stricken as surplusage because they are irrelevant and inflammatory.**

Rule 7(d) of the Federal Rules of Criminal Procedure authorizes the Court to strike irrelevant, inflammatory, and prejudicial surplusage from an indictment upon the defendant's request. *See United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990). Where, as here, the government cannot demonstrate the relevance of the overblown characterizations of Lebedev's role in the other Coin.mx schemes to the specific bribery counts in which he is charged, those characterizations should be stricken from the Indictment. *See, e.g., United States v. Napolitano*, 552 F. Supp. 465, 480 (S.D.N.Y. 1982) ("The determinative question [on a motion to strike surplusage] is . . . the relevance of the allegation to the crime charged in the indictment.").

Here, Lebedev is lumped together in the Indictment's preamble with participants in offenses in which he is not charged and the Indictment suggests he participated in those offenses. Indictment ¶¶ 3, 5. In the paragraphs that follow (*see, e.g.* ¶¶ 6-9), the

words "co-conspirators" or "others" suggest that Lebedev took part in criminal conduct he is not charged with committing. Indeed, even Trevon Gross's counsel mistakenly believes Lebedev is charged with fraud and operating an unlicensed money transmitting business. [*See* Dkt. #129-1 at 1, 3]. The Indictment's references to Lebedev in Paragraphs 3 and 5 are therefore especially capable of misleading the jury, to Lebedev's great prejudice.

An opinion in *United States v. Vastola*, 670 F. Supp. 1244, 1254-55 (D.N.J. 1987), which struck similar references to uncharged conduct of certain defendants, illustrates the danger Lebedev will face if the references to him are not stricken:

> [T]he particular preamble [in the Indictment] . . . raises several serious concerns. First of all, it contains additional narrative which is not contained in the counts of the indictment. The preamble is not simply a roadmap indicating which defendants are indicted for which crimes. It contains information which may be meaningful to a jury's consideration of the guilt of the defendants. . . . The court is concerned that the jury's deliberations will be unduly influenced by the preamble (the jurors have a copy of the indictment while deliberating), yet the jury will not explicitly be required to evaluate the probativeness of this information. Since the information is not specifically confined within any particular count or counts, the court is concerned that the jury could refer to it and consider it in evaluating counts to which it does not apply. . . *Anything in the indictment that allows the jury to infer involvement with uncharged crimes . . . is improper.*

*See also id.* at 1255 (A preamble "should not contain additional information to what is alleged in the counts, nor should it contain terminology that carries with it connotations of culpable behavior"); *United States v. Hubbard*, 474 F. Supp. 64, 82 (D.D.C. 1989) (Striking terms that "may encourage the jury to draw inferences that the defendants are believed to be involved in (illegal) activities not charged in the indictment.").

9

The references to Lebedev in Paragraphs 3 and 5 should be stricken before the Indictment is read to the jury because, otherwise, the jury will "hear the terms of the indictment during the court's recitation of the indictment at the opening of the case, thus making any *post hoc* removal of prejudicial language ineffective." *United States v. Alsugair*, 256 F. Supp. 2d 306, 317-318 (D.N.J. 2003).

Accordingly, the references to Lebedev in Paragraphs 3 and 5 of the Indictment should be stricken.[1]

### III. The trial of Lebedev should be severed from the trials of his co-defendants or the trial of the bribery counts should be severed from the trial of the remaining counts in the Indictment.

Lebedev reiterates his motion for a severance under Rule 14 because, as discussed in his earlier motion for a severance, proof of wrongdoing in which he is not alleged to have participated will inflame the jury and make it difficult to compartmentalize the evidence solely relevant to the offenses with which Lebedev is charged. [*See* Dkt. #38 at Point II, pages 11-17; Dkt. #52 at 4-8]. The unwarranted references to Lebedev in Superseding Indictment S-2 and in this Indictment underscore the great risk of prejudice to Lebedev at trial when the government presents its case with respect to the counts in which he is not charged: the jury will be likely to lump him together with conduct for which there is no evidence he participated in.

Accordingly, severance should be granted here because "there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about [Lebedev's] guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, (1993).

---

[1] Striking references to Lebedev in those paragraphs will not prejudice the government because the government will not be foreclosed from presenting any proof relevant to the charges at trial. *See, e.g., United States v. De Fabritus*, 605 F. Supp. 1538, 1547 (S.D.N.Y. 1985).

10

**IV. The Government should provide all *Brady* and *Giglio* material expeditiously.**

"A prudent prosecutor will be quick to disclose any information that tends to exculpate the defendant. As the representative of the Government, the prosecutor's task is not to win a case, but to see that justice is done." *United States v. Frank*, 11 F. Supp. 2d 322, 327 (S.D.N.Y. 1998). "[G]enerous disclosure of information helpful to the defendant will increase confidence in the outcome of trial." *Id.* "Complying with the Jencks Act, of course, does not shield the government from its independent obligation to timely produce exculpatory material under *Brady*—a constitutional requirement that trumps the statutory power of 18 U.S.C. § 3500." *United States v. Rittweger*, 524 F.3d 171, 181 n.4 (2d Cir. 2008).

This Circuit has interpreted *Brady and Giglio* to require the earliest disclosure necessary for effective use by the defense of "material, which if not disclosed, creates a reasonable probability of altering the outcome" of trial. *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). Thus, the defense is entitled to immediate disclosure of exculpatory or impeachment material where later disclosure would deprive the defense of its effective use at trial. *Id.*

Accordingly, we request that the Court order the government to produce all *Brady* and *Giglio* material of which it is aware immediately, and in any event, no later than 30 days before trial.

**V. The Government should be ordered to produce sufficient notice of any evidence it will seek to introduce at trial under FRE Rule 404(b).**

For the reasons set forth in Anthony Murgio's memorandum of law in support of his motion for omnibus pre-trial relief, Lebedev also moves for notice of evidence the

government will seek to introduce at trial under Rule 404(b) of the Federal Rules of Evidence. [*See* Dkt. #131 at 9].

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant Yuri Lebedev's omnibus pretrial motions: (i) for a bill of particulars; (ii) to strike prejudicial surplusage; (iii) to sever the trial of Lebedev from the trials of the other defendants, or the trials of the bribery counts from the remaining counts in the Indictment; (iv) for expeditious production of *Brady* and *Giglio* material; (v) notice of evidence the government may seek to introduce under Rule 404(b) of the Federal Rules of Evidence.

Dated: New York, New York
      June 17, 2016

Respectfully submitted,

/s/ Eric M. Creizman
Eric M. Creizman (EC 7684)
Melissa Madrigal (MM 4572)
CREIZMAN LLC
565 Fifth Avenue
New York, NY 10017
Tel. (212) 972-0200
Fax (646) 200-5022
ecreiz@creizmanllc.com
mmadrigal@creizmanllc.com