

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 19, 2017

**By ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    **United States v. Yuri Lebedev & Trevon Gross**,
                S6 15 Cr. 769 (AJN)

Dear Judge Nathan:

       The Government respectfully submits this letter motion to seek reconsideration of one aspect of the Court's Memorandum Opinion and Order entered January 12, 2017 ("Mem. Op.").

       In the Opinion, the Court held that Exhibit G, the Letter of Understanding and Agreement ("LUA") between HOPE Federal Credit Union ("HOPE FCU") and the National Credit Union Administration ("NCUA"), was inadmissible as a public record, pursuant to Federal Rule of Evidence 803(8)(A)(ii), because it "contains evaluative conclusions." (Mem. Op. 20). In a footnote, the Court noted that the Government also argued that the LUA was independently admissible as an adopted statement of a party opponent, pursuant to Federal Rule of Evidence 801(d)(2), but stated that the Court would not consider this argument because the Government raised it "for the first time" in the Government's "reply brief." (*Id.* n. 11 (citing Gov't Reply at 15 n.7)).

       The Government, however, first raised the argument that the NCUA materials in question—or at least portions thereof—were admissible, pursuant to Rule 801(d)(2), in the Government's opposition brief to Trevon Gross's motion *in limine* to preclude the Government from introducing the NCUA records in question. *See* Gov't's Opp'n to Trevon Gross's Motions *In Limine* (ECF No. 201) 4 n.2. Specifically, in its opposition brief, the Government argued:

> In addition, to the extent that the NCUA records in question contain information that Gross, or others working at his direction, caused HOPE FCU to provide to the

Hon. Alison J. Nathan
January 19, 2017
Page 2

>NCUA during the examination process, they are excluded from the operation of the hearsay rule as party opponent admissions. *See* Fed. R. Evid. 801(d)(2).

(*Id.*). Because the Government did not raise its Rule 801(d)(2) theory of admissibility "for the first time" in a reply brief as the Court stated in the Opinion and Order, the Government respectfully requests that the Court now consider this argument, at least with respect to the admissibility of the LUA.

The LUA is plainly admissible and is not hearsay. Rule 801(d)(2) exempts from the rule against hearsay any "statement" that "is offered against an opposing party and . . . (B) is one the party manifested that it adopted or believed to be true." Fed. R. Evid. 801(d)(2)(B). The LUA explicitly states that the individuals who signed the LUA, including Gross, "understand and agree with the contents of this Agreement." (Ex. G at 42115). As such, the LUA is admissible against Gross as an adopted statement of a party opponent.

Furthermore, the LUA should not be precluded, pursuant to Federal Rule of Evidence 403, because its probative value is not substantially outweighed by the danger of any unfair prejudice. The LUA is highly probative of Gross's commission of the charged bank bribery scheme because it constitutes an admission by Gross that HOPE FCU had committed "significant regulatory violations and unsafe and unsound practices" set forth in the LUA. (Ex. G. at 42111). As the LUA itself states: "By signing this LUA, the board of directors of HOPE FCU [including Gross] hereby acknowledges that serious areas of concern exist and agrees to take the necessary actions set forth below to restore HOPE FCU to a safe and sound condition." (*Id.*). The Government expects the evidence at trial will show that Gross engaged in, or permitted others to engage in, the conduct giving rise to the "regulatory violations" and "unsafe and unsound practices" set forth in the LUA after receiving the bribe payments from Anthony Murgio and Kapcharge. Because Gross's management and operation of HOPE FCU after receiving these bribes will undoubtedly be a disputed issue at trial, the LUA is plainly relevant and probative.

Moreover, given that Gross signed the LUA, it cannot be said that its admission would be unfairly prejudicial to him. To the contrary, it would be manifestly unfair *not* to permit the Government to introduce the LUA to prove that Gross admitted that HOPE FCU had committed regulatory violations under his watch. Such evidence of Gross's admissions is not cumulative with the other evidence the Government intends to introduce at trial. Nor does the LUA "place the NCUA's imprimatur on the Government's preferred interpretation of the evidence," which was one of the Court's concerns as to some of the other NCUA materials. (Mem. Op. 34). To the contrary, the LUA was signed and adopted by both the NCUA *and* the board of directors of HOPE FCU, including Gross. In addition, there can be no concern as to the accuracy of the LUA (which was another concern of the Court, *see id.* at 35) given that Gross signed the LUA, thereby showing that he "agree[d] with [its] contents." The jury should, therefore, be allowed to

Hon. Alison J. Nathan
January 19, 2017
Page 3

consider this highly probative, non-hearsay evidence, which shows Gross admitted that HOPE FCU had engaged in unsafe and unsound practices.

In addition, the Government notes that the Court's Opinion was limited to the admissibility of the specific NCUA records in question "for their truth," and not for any other purpose. (Mem. Op. 10 & n.8). Accordingly, the Government reserves its right to seek to introduce the NCUA records, including the LUA, for other purposes, for instance to prove Gross's knowledge, intent, state of mind, plan, and/or absence of mistake.

## Conclusion

For the foregoing reasons, the Government requests that the Court reconsider its Memorandum Opinion and Order dated January 12, 2017 insofar as the Court declined to consider the Government's argument that the LUA is admissible under Rule 801(d)(2).

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Eun Young Choi
Daniel S. Noble
Won S. Shin
Assistant United States Attorneys
Southern District of New York
(212) 637-2187/2239/2226

Cc: Kristen Santillo, Esq.
Eric Creizman, Esq.