**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 25, 2017

**BY ECF AND EMAIL**

The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States* v. *Michael J. Murgio*, S5 15 Cr. 769 (AJN)**

Dear Judge Nathan:

The Government respectfully submits this letter in advance of the sentencing of the defendant, Michael J. Murgio. As set forth in the parties' plea agreement and the Presentence Investigation Report ("PSR"), the Guidelines range is 10 to 16 months' imprisonment. The Probation Office recommends a sentence of 1 year of probation, and the defendant seeks an unspecified term of probation. For the reasons set forth below, a sentence within the Guidelines range would be fair and appropriate.

## A. Background

### 1. The Offense

From in or about April 2014 through in or about January 2015, the defendant agreed with other individuals corruptly to obstruct an examination by the National Credit Union Administration ("NCUA") of a financial institution, specifically Helping Other People Excel Federal Credit Union in Lakewood, New Jersey ("HOPE FCU"). In or about December 2014, as part of an effort to convince the NCUA that members of an entity called the "Collectables Club" were eligible to serve on the Board of Directors of HOPE FCU, the defendant drafted a letter addressed to the NCUA that falsely stated that Collectables Club was headquartered in Lakewood, New Jersey. In truth and in fact, and as the defendant well knew, the Collectables Club was based in Florida. The defendant provided the letter to three purported members of the Collectables Club, who signed the letter. The defendant then caused the letter to be sent to the NCUA. (PSR ¶ 21).

On October 27, 2016, the defendant waived indictment and agreed to the filing of a one-count Information charging him with a conspiracy, in violation of Title 18, United States Code, Section 371, to corruptly obstruct an examination of a financial institution by an agency of the United States, in violation of Title 18, United States Code, Section 1517. (PSR ¶¶ 1-2). On the same date, the defendant pleaded guilty, pursuant to a plea agreement, to Count One of the Information. (PSR ¶ 3).

**2. The Presentence Investigation Report and Recommended Sentence**

In its PSR, the Probation Office calculates the defendant's adjusted offense level under the United States Sentencing Guidelines as 12, based on a base offense level of 14 and a 2-level adjustment for acceptance of responsibility. (PSR ¶¶ 30-38). The Probation Office finds that the defendant has 0 criminal history points, and is therefore in criminal history category I. (PSR ¶¶ 41, 73). Based on an offense level of 12 and a criminal history category of I, the Guidelines range for the defendant is 10 to 16 months' imprisonment. (PSR ¶ 73). This calculation is consistent with the parties' plea agreement. (PSR ¶ 3).

The Probation Office recommends a sentence of 1 year of probation, a $12,000 fine, and a $100 special assessment. (PSR at 21).

**B. Discussion**

**1. Applicable Law**

The Guidelines are no longer mandatory, but they still provide important guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall* v. *United States*, 552 U.S. 38, 49 (2007). The Guidelines range is thus "the lodestar" that "'anchor[s]'" the district court's discretion. *Molina-Martinez* v. *United States*, 136 S. Ct. 1338, 1345-46 (2016) (quoting *Peugh* v. *United States*, 133 S. Ct. 2072, 2087 (2013)).

After making the initial Guidelines calculation, a sentencing judge must consider the factors outlined in Title 18, United States Code, Section 3553(a), and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing outlined in 18 U.S.C. § 3553(a)(2). To the extent a district court imposes a sentence outside the range recommended by the Guidelines, it must "'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" *United States* v. *Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall*, 552 U.S. at 50).

**2. A Guidelines Sentence Is Reasonable in this Case**

A sentence within the Guidelines range of 10 to 16 months' imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in Section 3553(a).

The nature and seriousness of the offense, as well as the need to promote respect for the law, provide just punishment, and afford adequate general deterrence, support a Guidelines sentence. Obstructing the examination of a financial institution is, like other obstruction offenses, a serious crime meriting punishment. *Cf. Brogan* v. *United States*, 522 U.S. 398, 405 (1997) (observing that in enacting 18 U.S.C. § 1001, Congress "has decreed the obstruction of a legitimate investigation to be a separate offense, and a serious one"). Furthermore, the obstruction of the examination of a financial institution can obscure the examining agency's view of the financial institution's health. This potentially puts at risk not only the federal fund that insures the financial

institution's deposits, but many third parties, including the financial institution's customers, employees, and counterparties. Therefore, the sentence should send a clear message to others that interference with federal oversight of financial institutions will not be taken lightly.

In weighing the nature and seriousness of the offense, it is appropriate for the Court to consider the defendant's role in the overall criminal conduct. To be sure, the defendant played a significant role in the obstruction offense—drafting the false letter to the NCUA, presenting it to co-conspirators to sign, and submitting the letter to the NCUA. Nevertheless, he played a lesser role than many of his co-conspirators in the context of a broader scheme that included operating an unlicensed money transmitting business, making misrepresentations to financial institutions, and engaging in bribery of a credit union official.

It is also appropriate for the Court to consider, as part of his history and characteristics, the defendant's lack of any prior criminal history, age, supportive family and friends, and long career in public service prior to the offense. But such characteristics cut both ways. On one hand, they may suggest a reduced need to afford specific deterrence and protect the public from the defendant's further crimes. (*See* PSR at 22 (deeming the defendant presents "a very low risk for recidivism")). On the other hand, the fact that the defendant turned to crime late in life may make him more culpable. *See United States* v. *Roberson*, 474 F.3d 432, 435 (7th Cir. 2007) ("The better off a defendant is, the better chance he has to go straight when he is released from prison—but the more inexcusable his criminal conduct.").

Finally, the Court should reject any suggestion that the defendant is unable to pay the $12,000 fine recommended by the Probation Office because he resigned his position on the local school board. The defendant owns four residences, other real property, four vehicles, and hundreds of thousands of dollars in securities, among other assets. He expects to come into a large inheritance, and he has virtually no debt. All told, the defendant has a net worth of well over $2 million. (PSR ¶ 66). Furthermore, even without his school board salary, the defendant generates more than enough income to permit him to pay the recommended fine—he estimates a monthly income from other sources of nearly $13,000. (PSR ¶ 66).

**C. Conclusion**

For the reasons set forth above, a sentence within the Guidelines range of 10 to 16 months' imprisonment would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/
Eun Young Choi
Daniel S. Noble
Won S. Shin
Assistant United States Attorneys
(212) 637-2187/2239/2226

cc: Stuart N. Kaplan, Esq.
Joseph G. Sconzo, Esq.