

60 PARK PLACE, SUITE 1100, NEWARK, NJ 07102 973-424-9777 WWW.KROVATIN.COM
GERALD KROVATIN
HENRY E. KLINGEMAN**
HELEN A. NAU*
ERNESTO CERIMELE*
KRISTEN M. SANTILLO*

ALSO ADMITTED IN HI AND PA**
ALSO ADMITTED IN NY*

February 9, 2017

Honorable Alison J. Nathan
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *United States v. Trevon Gross*, 15-cr-769 (AJN)

Dear Judge Nathan:

On behalf of Trevon Gross, we respectfully move *in limine* to preclude certain evidence in this case, as set forth below.

**1.  Statements Reflecting Witness Opinions About Whether the Payments to Trevon Gross Were Ethical, Illegal or "Bribes"**

The government has elicited several statements from witnesses to the effect that, in their opinion, payments made to Trevon Gross were unethical, illegal or "bribes." We seek to preclude the government from eliciting any such testimony because the statements are not based on personal knowledge, they are improper opinion testimony, they are irrelevant to Trevon Gross's state of mind, and their probative value is substantially outweighed by the danger of unfair prejudice.

For instance, Jen Wotherspoon, who worked with Anthony Murgio at Coin.mx, has stated that she has never spoken to Trevon Gross and had no involvement in the Hope FCU. *See* 3503-

007 at 4.[1]  However, based on conversations she has had with Anthony Murgio, she has opined in her witness statements that "the situation sounded 'shady' to her and the donation to Trevon Gross seemed like a bribe" and "it sounded like Murgio was paying off a guy in order to steal a credit union." *Id.* at 5.

Any such statements from Ms. Wotherspoon should be excluded.  First, to the extent that she is testifying about any statements Anthony Murgio made to her about Hope FCU, they are inadmissible hearsay against Trevon Gross.  Ms. Wotherspoon has acknowledged that she had no involvement in the Hope FCU, and thus, even if the government were to argue that Anthony Murgio was a co-conspirator of Trevon Gross, Anthony Murgio's statements to her were not made in furtherance of any conspiracy and thus they are inadmissible.  *See* Rule 801(d)(1)(2)(E). Additionally, Ms. Wotherspoon has acknowledged that she has no personal knowledge of Trevon Gross's state of mind and she had no involvement with Hope FCU, so her statement runs afoul of Rule 602, providing that a witness may only testify if she has personal knowledge of the matter. Similarly, "Rule 701 requires lay opinion testimony to be based on the witness's personal perceptions." *United States v. Garcia*, 413 F.3d 201, 211 (2d Cir. 2005).  Since Ms. Wotherspoon's opinions are not based on any personal perceptions, they are not the appropriate subject of opinion testimony.

Tim Ellrich also was not involved in initial discussions about the donation between Anthony Murgio and Trevon Gross but noted that he later realized in chat conversations that "the original donation to the church was likely a bribe from Anthony to Gross." *See* 3506-003.  This statement is not based on personal knowledge and it is also improper opinion testimony.

Jose Freundt has also stated that the payment did not seem illegal to him at the time, but it did seem unethical.  *See* 3504-008.  Jose Freundt's opinion in hindsight on the ethics of the payment are also not relevant to Trevon Gross's intent at the time, they are not helpful to the trier of fact and they merely tell the jury how to view the payment.  *See United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) (holding that "[rule 701] provide[s] assurance[s] against the admission of opinions which would merely tell the jury what result to reach"); *DiBella v. Hopkins*, 403 F.3d 102, 121 (2d Cir. 2005) ("the district court correctly concluded that Hoffman's testimony would unnecessarily confuse the jury because the real issue in the case was not whether DiBella acted ethically, but rather what actually transpired between DiBella and Hopkins—i.e., whether the $50,000 was or was not a bribe, and whether Hopkins did or did not believe it was a bribe.")  For these reasons, we seek to preclude the government from eliciting this type of opinion testimony from these and any other witnesses.

### 2.  Statements Related to Trevon Gross's Lifestyle

Under Federal Rules of Evidence 401 and 403, we seek to preclude evidence related to Trevon Gross's lifestyle that have no bearing on payments received from the Hope Cathedral by the Collectables Club.  For instance, the government has elicited statements from witnesses that Mr. Gross's children are in college and his daughter is in private school.  The government has

---

[1] Citations containing the notation "35XX-##" are to the 3500 materials we believe the Government provided to the Court at the final pretrial conference on February 1, 2017.  We are happy to provide these statements if the Court does not have them.

also produced receipts from purchases he made outside the relevant time frame that are unconnected to any payments he received in this case. This evidence is not relevant to determining whether Trevon Gross accepted a bribe from the Collectables Club in this case, and even if it were, its probative value is substantially outweighed by a danger of unfair prejudice under Rule 403.

Respectfully submitted,

/s/  Kristen M. Santillo

KRISTEN M. SANTILLO