# CREIZMAN LLC

565 Fifth Avenue
7th Floor
New York, New York 10017
tel: (212) 972-0200
fax: (646) 200-5022
ecreiz@creizmanllc.com
www.creizmanllc.com

*By ECF*

February 9, 2017

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:**   ***United States v. Anthony R. Murgio and Yuri Lebedev*, 15-CR-769 (AJN)**

Dear Judge Nathan:

We are submitting this brief letter in opposition to the government's motion *in limine* which seeks to admit evidence at trial that Anthony Murgio and others, including Yuri Lebedev, "attempted to replicate their HOPE FCU scheme with another credit union." The evidence the government seeks to present to the jury about the eCommerce federal credit union should be precluded.

First, any effort on behalf of Anthony Murgio to replicate the HOPE FCU scheme after Anthony Murgio's and Trevon Gross's "falling out" is wholly unrelated to the charges filed against Mr. Lebedev in the S6 indictment: (1) conspiracy to make corrupt payments with the intent to influence Trevon Gross, an officer of a financial institution (the objects of the conspiracy being (i) to obstruct an NCUA examination of HOPE FCU and (ii) make material false statements to the NCUA relating to HOPE FCU); (2) conspiracy to commit wire fraud; (3) wire fraud; and (4) bank fraud. Second, in its *in limine* motion, the government devotes no more than three sentences to this very topic and fails to explain how it amounts to "direct evidence of the corrupt payments object of the charged conspiracy." Whether or not members of the Collectables Club continued to work together to create another credit union after they severed ties with Trevon Gross and HOPE FCU is irrelevant to whether Yuri Lebedev and his alleged co-conspirators corruptly influenced Trevon Gross, obstructed an NCUA examination of HOPE FCU, or made false statements to the NCUA related to HOPE FCU.

In fact, the evidence the government seeks to introduce on the subject of the eCommerce federal credit union and efforts to acquire other established credit unions amounts to nothing

Hon. Alison J. Nathan
February 9, 2017
Page 2

more than late noticed 404(b) conduct.  Specifically, the Court ordered that any 404(b) motion be filed by the government by September 12, 2016, or 6 weeks in advance of the previously scheduled trial date.  (DE 156).  The government recognized its obligation to provide sufficient notice of any evidence the government sought to introduce under Federal Rule of Evidence 404(b) or evidence of "other acts" or "uncharged conduct" when the government submitted its Omnibus Opposition to Defendants' Pretrial Motions, citing the Court's Order requiring disclosure by September 12, 2016. (DE 163).  Notice four days prior to trial—what the government seems to have done here in arguing that if not admissible as direct evidence, certainly admissible as 404(b) conduct—not only violates the Court's Order but is simply insufficient to permit the defense to effectively defend against this serious and prejudicial uncharged conduct.

Accordingly, the Court should preclude the government from admitting any evidence related to the eCommerce federal credit union or any attempts by Anthony Murgio, Yuri Lebedev, or any other member of the Collectables Club in attempting to replicate the HOPE FCU scheme.

Respectfully submitted,

/s/ Melissa Madrigal
Eric M. Creizman (EC 7684)
Melissa Madrigal (MM0200)

cc:    All Counsel (by ECF and Email)