UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

-v-

Yuri Lebedev, Trevon Gross,

      Defendants.

15-cr-769 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

 The Court is in receipt of a number of motions in limine filed by the Government, Trevon Gross, and Yuri Lebedev. The Court will discuss these motions more fully on Monday morning; however, to allow the parties to prepare for opening arguments, the Court hereby provides its tentative views as to several of these motions.

 First, the Government moves for the Court to allow it to introduce, subject to the later introduction of evidence proving admissibility, statements made by alleged members of the conspiracy charged as Count Three of the S6 Indictment after November 2014 as statements "made by [a] ... coconspirator during and in furtherance of the conspiracy." Gov't Motions in Limine at 8 (quoting Fed. R. Evid. 801(d)(2)(E)). The Court preliminarily grants the Government's motion.

 Second, Lebedev moves to preclude the Government from introducing evidence that "conspirators from the Collectables Club group discussed with each other the possibility of finding another credit union to take over, or starting a new credit union." Gov't Motions in Limine at 6. The Court preliminarily denies Lebedev's motion.

1

Third, the Government moves to introduce evidence that Gross failed to produce certain emails in his possession in response to an August 2015 grand jury subpoena, and that he failed to preserve emails located in his HOPE FCU email account. *See* Gov't Motions in Limine at 13-14. The Court preliminarily denies the Government's motion.

Fourth, the Government moves to preclude the defendants from introducing evidence of the NCUA's determination, in April 2015, that Kapcharge fell within HOPE FCU's field of membership. *See* Gov't Motions in Limine at 14-15. The Court preliminarily denies the Government's motion.

Fifth, the Government moves to permit NCUA witnesses to testify as to the existence of certain laws, regulations, and duties concerning the governance and operation of federal credit unions, or, in the alternate, for the Court to instruct the jury as to the existence of those regulations. The Court preliminarily grants the Government's motion to have the Court (not the witnesses) instruct the jury as to the existence of certain relevant duties, laws, and regulations.

Sixth, Gross moves to preclude witness statements purporting to characterize payments made to Gross as "unethical, illegal, or 'bribes.'" Gross Motions in Limine at 1. The Court reserves decision on the admissibility of these statements.

Seventh, Gross moves to preclude introduction of evidence "related to [his] lifestyle." Gross Motions in Limine at 2-3. The Court preliminarily denies Gross's motion.

Eighth, Gross moves for an order compelling the Government to grant use immunity to certain of his witnesses. The Court preliminarily denies Gross's motion.

SO ORDERED

Dated: February 11, 2017

New York, New York

_____
ALISON J. NATHAN
United States District Judge