

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 14, 2017

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    **United States v. Yuri Lebedev & Trevon Gross**,
             S6 15 Cr. 769 (AJN)

Dear Judge Nathan:

      The Government writes to respectfully request that the Court reconsider its ruling precluding the Government from calling Phillip Burgess as a witness at trial, based on the following three points.

      First, the Second Circuit has clearly held that once a District Court has determined that "a criminal defendant's attorney in fact suffers from an actual or potential conflict [of interest], the court has a subsequent 'disqualification/waiver' obligation." *United States* v. *Levy*, 25 F.3d 146, 154 (2d Cir. 1994). As is evident in the Second Circuit's use of the binary label "disqualification/ waiver," that "obligation" presents a District Court with two choices: "disqualify the attorney" or "obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer." *Id.* The Second Circuit has repeatedly described the Court's "obligation" to conduct this inquiry in similar terms. *See, e.g.*, *United States* v. *Cain*, 671 F.3d 271, 293-94 (2d Cir. 2012); *United States* v. *Perez*, 325 F.3d 115, 125 (2d Cir. 2003); *United States* v. *Lussier*, 71 F.3d 456, 461 (2d Cir. 1995).

      Second, the Government is not aware of any case in which the Government has been precluded from calling a witness as a third option for a District Court presented with an attorney conflict such as that exists here. To the contrary, the Government is aware of several decisions expressly rejecting such an "extreme" sanction. *See United States* v. *Danilovich*, 12 Cr. 171 (JPO), Tr. 42 (S.D.N.Y. Feb. 9, 2015) (transcript attached) ("[U]nder the law I don't believe that we are in a situation that justifies my granting a motion to preclude, so I am not going to grant a motion to preclude the witness."); *United States* v. *Lech*, 895 F. Supp. 586, 592-93 (S.D.N.Y.

Hon. Alison J. Nathan
February 14, 2017
Page 2

1995) (Sotomayor, J.) (rejecting "drastic remedy" of precluding a Government witness where the delay in disclosing the conflict was "careless" but not "egregious"); *United States* v. *Vegas*, 92 Cr. 92 (RPP), 1993 U.S. Dist. LEXIS 1131 (S.D.N.Y. Feb. 4, 1993) (rejecting motion to preclude a Government witness because defendant not prejudiced).

Third, although the Sixth Amendment's guarantee of assistance of counsel encompasses the right to counsel of choice, that right is not absolute. *Wheat* v. *United States*, 486 U.S. 153, 159 (1988) ("The Sixth Amendment right to choose one's own counsel is circumscribed in several important respects."). Furthermore, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States* v. *Gonzalez-Lopez*, 548 U.S. 140, 151 (2006); *see also Caplin & Drysdale* v. *United States*, 491 U.S. 617, 624 (1989) ("Petitioner does not, nor could it defensibly do so, assert that impecunious defendants have a Sixth Amendment right to choose their counsel. The Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts."). As the Court is aware, Krovatin Klingeman's representation of defendant Trevon Gross is currently based on a CJA appointment. If Mr. Gross were to choose not to waive the conflict of interest (as is his right), and Krovatin Klingeman were disqualified as a result, Mr. Gross would have no complaint based on the denial of his counsel of choice. Should Mr. Gross continue to qualify financially, then he would receive a new CJA appointment, and that attorney would provide constitutionally effective assistance of counsel free of the existing conflict.

In light of these principles, and given the Court's finding that the Government has not acted in bad faith or in a dilatory manner here, the Government respectfully requests that the Court reconsider its ruling and proceed to the "disqualification/waiver" inquiry. Based upon yesterday's proceedings, the Government maintains that the conflict posed by Mr. Burgess's testimony may be waived by the defendant. As such, after a *Curcio* hearing, Gross could knowingly and voluntarily agree to have the cross examination and any argument concerning the credibility of Mr. Burgess conducted by Ms. Santillo[1] or a third-party CJA counsel without the

---

[1] The conflicts posed by Krovatin Klingeman's representation of Mr. Burgess (and Mr. Klingeman's possession of certain confidential information based upon that representation) creates a "rebuttable presumption" that other attorneys at the firm, like Ms. Santillo, share the client's confidences. *Hempstead Video, Inc.* v. *Incorporated Village of Valley Stream*, 409 F.3d 127, 134 (2d Cir. 2005). Here, the presumption has been rebutted because Ms. Santillo was not a member of the firm at the time of its prior representation of Mr. Burgess in his criminal matter and does not possess any confidential information concerning Mr. Burgess, including that possessed by Mr. Klingeman. So long as an "ethical screen" is maintained that walls off Ms. Santillo from her firm's confidential information concerning Mr. Burgess, she may cross examine, or assist an independent attorney in preparing the cross examination of, Mr. Burgess without violating any ethical duties or giving rise to the appearance of a conflict. *See Maricultura Del Norte, S. de R.L. de C.V.* v. *Worldbusiness Capital, Inc.*, 2015 WL 1062167, at

Hon. Alison J. Nathan
February 14, 2017
Page 3

assistance of Mr. Klingeman. This reasonable solution—which the defense has not shown would undermine Gross's Sixth Amendment right to effective counsel—not only avoids the appearance of any conflict, but would permit Gross to maintain his counsel of choice while allowing the Government to call Mr. Burgess, as is its right. If Gross declines to waive, however, then the proper remedy is the disqualification of Krovatin Klingeman, not the "extreme" and "extraordinary"—and as far as the Government can discern, unprecedented—course of precluding Mr. Burgess, which "would only harm the interests of justice." *Lech*, 895 F. Supp. at 592-93 (declining to sanction the Government by precluding a witness even where failure to detect the conflict was the result of Government "error").

                Respectfully submitted,

                PREET BHARARA
                United States Attorney

By:            /s/
                Eun Young Choi
                Daniel S. Noble
                Won S. Shin
                Assistant United States Attorneys
                Southern District of New York
                (212) 637-2187/2239/2226

Enclosure

Cc:    Kristen Santillo, Esq.
        Henry Klingeman, Esq.
            *Counsel for Trevon Gross*
        Eric Creizman, Esq.
        Melissa Madrigal, Esq.
            *Counsel for Yuri Lebedev*

---

\*13 (S.D.N.Y. Mar. 9, 2015) ("Where there is no risk that a conflict will taint an underlying trial—for example, by allowing an attorney to use a former client's confidential information against the former client—disqualification is inappropriate.").