

60 PARK PLACE, SUITE 1100, NEWARK, NJ 07102 973-424-9777 WWW.KROVATIN.COM
GERALD KROVATIN
HENRY E. KLINGEMAN**
HELEN A. NAU*
ERNESTO CERIMELE*
KRISTEN M. SANTILLO*

ALSO ADMITTED IN HI AND PA**
ALSO ADMITTED IN NY*

March 1, 2017

Honorable Alison J. Nathan
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    *United States v. Trevon Gross*, 15-cr-769 (AJN)

Dear Judge Nathan:

      We write to oppose the government's motion to introduce evidence that Trevon Gross did not provide a complete list of email accounts to the National Credit Union Administration ("NCUA") when the NCUA placed the Hope FCU into conservatorship in October 2015.

      When the NCUA placed the Hope FCU into conservatorship in October 2015, the NCUA asked for access to the Hope FCU email accounts.  *See* Ex. 6 to Gov. Motion at 10.  On October 17, 2015, Trevon Gross expressly asked for clarity on what access the NCUA needed and noted that "we will be happy to comply."  *Id*.  The NCUA responded that "we need a list of all username and passwords for the email accounts associated with the domain and access to these email accounts."  Trevon Gross responded, "here are the **active** email accounts" and provided access to all active Hope FCU email accounts.  Nobody from the NCUA ever followed up with Trevon Gross, who was at the time was represented by present counsel, for any access to the inactive email accounts.

      Further, the very same exhibit submitted by the government demonstrates that as of at least November 20, 2015, the NCUA was well aware that it did not have access to the inactive

Hope FCU email accounts of members of the Collectables Club.  Terrence Adams, an NCUA examiner, forwards Trevon Gross's October 17, 2015 email with active passwords on November 20, 2015, and notes "Dianne, I know you were interested in subpoenaing the account for Yuri Lebedev."  It was thus clear by at least by November 20, 2015 that Collectables Club accounts that had once existed were not among the list of "active passwords" submitted.[1]  No follow up request was made to Mr. Gross or his counsel for access to those accounts, despite Mr. Gross's express request for "clarity" about what the NCUA was looking for.  To suggest that he did not supply this information now is not relevant under Rule 401, and, even if it was, its probative value is substantially outweighed by a danger of unfair prejudice because Mr. Gross was not given an opportunity in October 2015 to cure any ambiguities in the NCUA's request, through counsel or otherwise.  To suggest that his conduct was intentional at this stage in the trial, a year and a half later, would be unfairly prejudicial.

Additionally, it would require the presentation of a witness from Dreamhost to establish the status of the accounts as of October 2015 and possibly a forensic expert for defense counsel.  For an issue that has such marginal relevance, if any, given Mr. Gross's clear representation to the NCUA on October 17, 2015 that he was only turning over the active accounts, introduction of such evidence would confuse the issue, and result in undue delay and wasting time.

To further diminish the relevance of this evidence, the government in fact has access to the email accounts of all members of the Collectables Club.  The emails in these accounts remain intact and the government has had full access to them throughout trial.  Mr. Gross thus clearly did nothing to tamper with this evidence or otherwise prevent the government from accessing these accounts.  For these reasons, the evidence should be excluded under both Rules 401 and 403.

Respectfully submitted,

/s/ Kristen M. Santillo

KRISTEN M. SANTILLO

---

[1] It has been amply established at trial through the government's own witnesses and numerous emails and chats that after November 2014, the Collectables Club members no longer had any involvement with Hope FCU.