UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America,

          -v-

Yuri Lebedev, Trevon Gross,

               Defendants.

15-cr-769 (AJN)

<u>ORDER</u>

ALISON J. NATHAN, District Judge:

    Attached to this order is a copy of the Court's proposed final jury instructions.  The parties shall note that the Court made slight alterations to the paragraph added in instruction number 20, so that the language now more precisely incorporates the language in the Indictment.

    Any objections that go to specific changes the Court has made to these instructions since distributing a draft on March 3, 2017 may be made orally on March 8, 2017.

       SO ORDERED

Dated:  March ___, 2017
       New York, New York

                                 ALISON J. NATHAN
                         United States District Judge

1 UNITED STATES DISTRICT COURT
2 SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA                      :
                                              :
          - v. -                              :          S6 15 Cr. 769 (AJN)
                                              :
YURI LEBEDEV and                              :
TREVON GROSS,                                 :
                                              :
          Defendants.                         :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

3
4                          **JURY INSTRUCTIONS**

5

1

1

# TABLE OF CONTENTS

2
3    INTRODUCTORY INSTRUCTIONS ...................................................................... 4
4    Instruction No. 1: Role of the Court ................................................................ 4
5    Instruction No. 2: Role of the Jury .................................................................. 5
6    Instruction No. 3: Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls
7       ....................................................................................................................... 6
8    Instruction No. 4: Improper Considerations .................................................... 8
9    Instruction No. 5: All Parties Are Equal Before the Law ................................ 9
10   Instruction No. 6: Presumption of Innocence and Burden of Proof ............. 10
11   Instruction No. 7: Reasonable Doubt ............................................................ 11
12   Instruction No. 8: The Indictment ................................................................ 13
13   CHARGE ............................................................................................................. 14
14   Instruction No. 9: Summary of the Indictment .............................................. 14
15   Instruction No. 10: Consider Each Defendant Separately ............................ 15
16   Instruction No. 11: Multiple Counts, Multiple Defendants .......................... 16
17   Instruction No. 12: Counts One through Three:  Overview .......................... 17
18   Instruction No. 13: Count Two:  Making Corrupt Payments to an Officer of a Financial
19       Institution ................................................................................................. 18
20   Instruction No. 14: Count Two, First Element: Recipient Was an Officer of a Financial
21       Institution ................................................................................................. 19
22   Instruction No. 15: Count Two, Second Element: Giving Something of Value ...................... 20
23   Instruction No. 16: Count Two, Third Element: Corrupt Intent to Influence Business of the
24       Financial Institution .................................................................................. 21
25   Instruction No. 17: Count Two, Fourth Element: Value Greater Than $1,000 ...................... 22
26   Instruction No. 18: Count Three:  Accepting Corrupt Payments as an Officer of a Financial
27       Institution ................................................................................................. 23
28   Instruction No. 19: Bona Fide Payments ...................................................... 25
29   Instruction No. 20: Count One:  Overview ................................................... 26
30   Instruction No. 21: Count One, First Element:  Existence of the Conspiracy ......................... 28
31   Instruction No. 22: Count One, First Element, Third Object:  Obstruction of an Examination of
32       a Financial Institution ............................................................................... 30
33   Instruction No. 23: Count One, First Element, Fourth Object:  False Statements to the NCUA 32
34   Instruction No. 24: Count One, Second Element:  Participation in the Conspiracy ................ 35
35   Instruction No. 25: Count One, Third Element:  Overt Act ......................... 37
36   Instruction No. 26: Count One: Liability for Acts and Declarations of Co-Conspirators ........ 39
37   Instruction No. 27: Count One:  Withdrawal from the Conspiracy ............... 40
38   Instruction No. 28: Count One: Multiple Conspiracies ................................ 42
39   Instruction No. 29: Evidence You May Consider .......................................... 44
40   Instruction No. 30: Counts Four through Six:  Overview ............................. 46
41   Instruction No. 31: Count Five:  Wire Fraud ................................................ 47

1    Instruction No. 32: Count Five, First Element:   Scheme or Artifice to Defraud.................... 48
2    Instruction No. 32: Count Five, Second Element:   Knowledge and Intent to Defraud .......... 51
3    Instruction No. 33: Count Five, Third Element:   Use of Interstate Wires............................. 54
4    Instruction No. 34: Count Six:  Bank Fraud ........................................................................ 55
5    Instruction No. 35: Count Six, First Element:   Scheme to Obtain Money or Property Under
6        Bank's Control .................................................................................................................. 56
7    Instruction No. 36: Count Six, Second Element:  Intent to Obtain Money or Property........... 57
8    Instruction No. 37 Count Six, Third Element:  FDIC Insured ................................................ 58
9    OTHER INSTRUCTIONS ....................................................................................................... 59
10   Instruction No. 38: Conscious Avoidance ............................................................................ 59
11   Instruction No. 39: Good Faith ............................................................................................. 61
12   Instruction No. 40: Aiding and Abetting .............................................................................. 62
13   Instruction No. 41: Venue .................................................................................................... 64
14   Instruction No. 42: Variance in Dates .................................................................................. 66
15   GENERAL INSTRUCTIONS ................................................................................................. 67
16   Instruction No. 43: Direct and Circumstantial Evidence ..................................................... 67
17   Instruction No. 44: Inferences .............................................................................................. 69
18   Instruction No. 45: Credibility of Witnesses ........................................................................ 71
19   Instruction No. 46: Credibility of Witnesses: Impeachment by Prior Inconsistent Statement.. 73
20   Instruction No. 47: Defendants' Right Not to Testify ........................................................... 74
21   Instruction No. 48: Defendants' Testimony .......................................................................... 75
22   Instruction No. 49: Law Enforcement Witnesses ................................................................. 76
23   Instruction No. 50: Accomplice/Cooperating Witness Testimony......................................... 77
24   Instruction No. 51: Opinion of Defendant's Character ......................................................... 79
25   Instruction No. 52: Persons Not on Trial .............................................................................. 80
26   Instruction No. 53: Uncalled Witnesses Equally Available ................................................. 81
27   Instruction No. 54: Preparation of Witnesses ....................................................................... 82
28   Instruction No. 55: Investigative Techniques ....................................................................... 83
29   Instruction No. 56: Use of Electronic Communications ....................................................... 84
30   Instruction No. 57: Violation of NCUA Law or Regulations Not a Crime ........................... 85
31   Instruction No. 58: Use of Evidence From Searches ............................................................ 86
32   Instruction No. 59: Recordings/Transcripts .......................................................................... 87
33   Instruction No. 60: Stipulations ........................................................................................... 88
34   Instruction No. 61: Summary Exhibits ................................................................................. 89
35   Instruction No. 62: Excerpts and Redactions ....................................................................... 90
36   Instruction No. 63: Punishment ............................................................................................ 91
37   Instruction No. 64: Right to Hear Testimony; Election of Foreperson; Communications with the
38        Court; Juror Note-Taking ................................................................................................. 92
39   Instruction No. 65: CONCLUDING REMARKS ................................................................. 93
40
41

1            **INTRODUCTORY INSTRUCTIONS**

2            <u>Instruction No. 1: Role of the Court</u>

3            You have now heard all of the evidence in the case, as well as the final arguments of the

4    lawyers for the parties.  It is my duty at this point to instruct you as to the law.  It is your duty to

5    accept these instructions of law and apply them to the facts as you determine them.

6            On these legal matters, you must take the law as I give it to you.  Regardless of any

7    opinion that you may have as to what the law may be—or ought to be—it would violate your

8    sworn duty to base a verdict upon any other view of the law than that which I give you.  If an

9    attorney or anyone else at trial has stated a legal principle different from any that I state to you in

10   my instructions, it is my instructions that you must follow.

11           You should not single out any instruction as alone stating the law, but you should consider

12   my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy

13   of these instructions with you into the jury room.

14

*United States v. Bundy, No. 2:16-cr-00046-GMN-PAL*
Case 1:15-cr-00769-AJN   Document 439   Filed 03/07/17   Page 6 of 95
Jury Instructions, March 7, 2017 V.7

1                    Instruction No. 2: Role of the Jury

2          Your role is to decide the fact issues that are in the case.  You are the sole and exclusive

3   judges of the facts.  You pass upon the weight of the evidence or lack of evidence; you determine

4   the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and

5   you draw whatever reasonable inferences you decide to draw solely based on the evidence and

6   from the facts as you have determined them.  You must determine the facts based solely on the

7   evidence received in this trial.

8          In determining the facts, you must rely upon your own recollections of the evidence.

9   What the lawyers have said – for instance, in opening statements, in closing arguments, in

10  objections, or in questions – is not evidence.  You should bear in mind particularly that questions

11  put to witnesses, although they can provide the context to answers, are not themselves evidence.

12  It is only the answers that are evidence.

13         I remind you also that nothing I have said during the trial or will say during these

14  instructions is evidence.  Similarly, the rulings I have made during the trial are not any indication

15  of my views of what your decision should be.

16         The evidence before you consists of the answers given by witnesses, the exhibits, and the

17  stipulations that were received in evidence.  If I have sustained an objection to a question or told

18  you to disregard testimony, the answers given by a witness are no longer part of the evidence in

19  this case and may not be considered by you.

20

1                         <u>Instruction No. 3: Statements of Counsel and Court Not Evidence;</u>

2                                       <u>Jury's Recollection Controls</u>

3       As I have said, you must determine the facts by relying upon your own recollection of the

4    evidence.  This case is not to be decided on the rhetoric of either the attorneys for the Government

5    or the attorneys for the Defendants.  The lawyers' arguments are intended to convince you to draw

6    certain conclusions from the evidence or lack of evidence.  Those arguments are important.  You

7    should weigh and evaluate them carefully.  But you must not confuse them with the evidence.  If

8    your recollection of the evidence differs from the statements of the lawyers, follow your

9    recollection.

10      You should draw no inference or conclusion for or against any party by reason of lawyers

11    making objections or my rulings on such objections.  Counsel have not only the right but the duty

12    to make legal objections that they think are appropriate.  You should not be swayed against the

13    Government or either Defendant simply because counsel for either side has chosen to make an

14    objection.  Similarly, statements made by counsel when arguing the admissibility of evidence are

15    not to be considered as evidence.

16      If I comment on the evidence during my instructions, do not accept my statements in place

17    of your recollection.  Again, it is your recollection that governs.

18      Do not concern yourself with what was said at side bar conferences or during my

19    discussions with counsel.  Those discussions related to rulings of law, which are my duty, and not

20    to matters of fact, which are your duty to determine.

21      At times I may have admonished a witness or directed a witness to be responsive to

22    questions, to keep his or her voice up, or to repeat an answer.  My instructions were intended only

23    to clarify the presentation of evidence.  You should draw no inference or conclusion of any kind,

1   favorable or unfavorable, with respect to any witness or party in the case, by reason of any

2   comment, question, or instruction of mine.  Nor should you infer that I have any views as to the

3   credibility of any witness, as to the weight of the evidence, or as to how you should decide any

4   issue that is before you.  That is entirely your role.

5

1    <u>Instruction No. 4: Improper Considerations</u>

2    Your verdict must be based solely upon the evidence developed at trial or the lack of

3    evidence.  It would be improper for you to consider any personal feelings you have about the

4    Defendants' race, ethnicity, religion, national origin, sex, age, or other similar factor.  Similarly it

5    would be improper for you to consider any personal feelings you may have about the race,

6    ethnicity, religion, national origin, sex, age, or any other similar factor of any other witness or

7    anyone else involved in this case.  It would be equally improper for you to allow any feelings you

8    might have about the nature of the crime charged to interfere with your decision-making process.

9    The Defendant is entitled to a trial free from prejudice and our judicial system cannot work unless

10   you reach your verdict through a fair and impartial consideration of the evidence.

1            Instruction No. 5: All Parties Are Equal Before the Law

2            You are to perform the duty of finding the facts without bias or prejudice as to any party.

3    You are to perform your final duty in an attitude of complete fairness and impartiality.

4            The fact that the prosecution is brought in the name of the United States of America

5    entitles the Government to no greater consideration than that given to any other party to this

6    litigation.  By the same token, the Government is entitled to no less consideration.  All parties,

7    whether government or individuals, stand as equals at the bar of justice.

*United States v. Lebedev and Gross*
Case 1:15-cr-00769-AJN Document 439   Filed 03/07/17   Page 11 of 95
Jury Instructions, March 7, 2017 V.7

1        <u>Instruction No. 6: Presumption of Innocence and Burden of Proof</u>

2        Mr. Lebedev and Mr. Gross have each pleaded not guilty to the charges against them.  As

3   a result of a plea of not guilty, the burden is on the Government to prove guilt beyond a

4   reasonable doubt.  This burden never shifts to a defendant for the simple reason that the law never

5   imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any

6   witness, or locating or producing any evidence.

7        Even if either Defendant has presented evidence in his defense, it is not his burden to

8   prove himself innocent.  It is always the Government's burden to prove each of the elements of

9   the crimes charged beyond a reasonable doubt.

10        Furthermore, the law presumes the Defendants to be innocent of the charges against them.

11   This presumption was with them when the trial began and remains with each of them as you

12   deliberate unless and until you are convinced that the Government has proven that specific

13   Defendant's guilt beyond a reasonable doubt.

14

1 <u>Instruction No. 7: Reasonable Doubt</u>

2 I have said that in order to convict either of the Defendants on any of the charges in the

3 Indictment, the Government is required to prove that charge as to that Defendant beyond a

4 reasonable doubt. The question that naturally arises is, "What is a reasonable doubt?" The words

5 almost define themselves. It is a doubt based in reason and arising out of the evidence in the case,

6 or the lack of evidence. It is a doubt that a reasonable person has after carefully weighing all of

7 the evidence in the case.

8 Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience,

9 and your common sense. If, after a fair and impartial consideration of all the evidence, you can

10 candidly and honestly say that you do have an abiding belief of either Defendant's guilt as to any

11 crime charged in this case, such a belief as a prudent person would be willing to act upon in

12 important matters in the personal affairs of his or her own life, then you have no reasonable doubt,

13 and under such circumstances it is your duty to convict that Defendant of the particular crime in

14 question.

15 On the other hand, if, after a fair and impartial consideration of all the evidence, you can

16 candidly and honestly say that you are not satisfied with the guilt of either Defendant as to any

17 charge, that you do not have an abiding belief of that Defendant's guilt as to that charge – in

18 other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in

19 acting in matters of importance in his or her own affairs – then you have a reasonable doubt, and

20 in that circumstance it is your duty to acquit that Defendant of that charge.

21 One final word on this subject: Reasonable doubt is not whim or speculation. It is not an

22 excuse to avoid the performance of an unpleasant duty. Nor is it sympathy for either of the

11

1    Defendants.  The law does not require that the Government prove guilt beyond all possible doubt:

2    proof beyond a reasonable doubt is sufficient to convict.

1                          <u>Instruction No. 8: The Indictment</u>

2          The Defendants, YURI LEBEDEV and TREVON GROSS, have been formally charged in

3   what is called an "Indictment."  As I instructed you at the outset of this trial, the Indictment is

4   simply a charge or accusation.  It is not evidence.  Each Defendant begins trial with an absolutely

5   clean slate and without any evidence against him.  You must give no weight to the fact that an

6   Indictment has been returned against the Defendants.  What matters is the evidence that has been

7   presented at the trial and the lack of evidence.

8          I will next summarize the charges in the Indictment and then explain in detail the elements

9   of each offense.

1        **CHARGE**

2        Instruction No. 9: Summary of the Indictment

3        The Defendants, YURI LEBEDEV and TREVON GROSS, are charged in a six-count

4   Indictment, although both Defendants are not charged in every count.  You will have a copy of the

5   Indictment with you in the jury room and can read each count in its entirety.  I am going to

6   provide only a brief summary now:

7        Count One charges YURI LEBEDEV and TREVON GROSS with conspiracy.  The

8   conspiracy charged in Count Three has four objects or goals that are described in the Indictment.

9        Count Two charges YURI LEBEDEV with making and attempting to make corrupt

10  payments with the intent to influence an officer of a financial institution.

11        Count Three charges TREVON GROSS with accepting corrupt payments as an officer of a

12  financial institution with the intent to be influenced.

13        Count Four charges YURI LEBEDEV with conspiracy to commit wire fraud and bank

14  fraud.

15        Count Five charges YURI LEBEDEV with wire fraud.

16        Count Six charges YURI LEBEDEV with bank fraud.

17

1            <u>Instruction No. 10: Consider Each Defendant Separately</u>

2           The Indictment names as Defendants YURI LEBEDEV and TREVON GROSS, who are

3 on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual.

4 Your verdict as to each Defendant must be determined separately with respect to him solely on

5 the evidence, or lack of evidence, presented against him without regard to the guilt or innocence

6 of anyone else. Whether you find a particular Defendant guilty or not guilty as to one offense

7 should have no bearing on your verdict as to the other offenses charged.

8           In addition, some of the evidence in this case was limited to one Defendant. Let me

9 emphasize that any evidence admitted solely against one Defendant may be considered only as

10 against that Defendant and may not in any respect enter into your deliberations as to the other

11 Defendant.

15

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                              Instruction No. 11: Multiple Counts, Multiple Defendants

2              As I mentioned, the Indictment contains six counts and charges two Defendants.

3    Both  Defendants are not named in every count.

4              You must, as a matter of law, consider each count of the Indictment and each

5    Defendant's  involvement in that count separately.  You must return a separate verdict on each

6    Defendant for  each count in which he is charged.

7              In reaching your verdict, bear in mind again that guilt is personal and individual. Your

8    verdict of guilty or not guilty must be based solely upon the evidence about each Defendant.

9    The  case against each Defendant, on each count in which he is charged, stands or falls upon

10   the proof  or lack of proof against that Defendant alone, and your verdict as to any Defendant

11   on any count  should not control your decision as to any other Defendant or any other count.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1 <u>Instruction No. 12: Counts One through Three:  Overview</u>

2       I will now instruct you on the elements of the crimes with which the Defendants are

3 charged in the Indictment.  I will first instruct you on the elements of the corrupt payment

4 offenses charged in Counts Two and Three, which are two of the objects, or goals, of the

5 conspiracy offense charged in Count One.  I will then instruct you on the elements of conspiracy.

6

17

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    Instruction No. 13: Count Two:  Making Corrupt Payments to an Officer of a Financial
2                                                    Institution

3          Count Two charges YURI LEBEDEV with making or offering to make corrupt payments

4    to an officer of a financial institution, specifically the Defendant TREVON GROSS, with the

5    intent to influence him in connection with the business of a financial institution, specifically

6    HOPE Federal Credit Union.   In order to find LEBEDEV guilty of this crime, the Government

7    must prove the following elements beyond a reasonable doubt:

8          First, that TREVON GROSS was an officer or director or employee of a financial

9    institution as that term is defined under federal law;

10         Second, that the Defendant gave or agreed to give or offered or promised something of

11   value to TREVON GROSS;

12         Third, that the Defendant acted corruptly and with the intent to influence or reward

13   TREVON GROSS's decision in connection with any business or transaction of HOPE Federal

14   Credit Union; and

15         Fourth, that the thing of value paid by the Defendant had a value greater than $1,000.

16

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1   Instruction No. 14: Count Two, First Element:
2   Recipient Was an Officer of a Financial Institution

3        The first element the Government must prove beyond a reasonable doubt is that, at the

4   time of the events alleged in the Indictment, TREVON GROSS was an officer or director or

5   employee of a financial institution.  In order to satisfy this element, the Government must prove

6   that HOPE Federal Credit Union was a credit union with accounts insured by the National Credit

7   Union Share Insurance Fund, and that TREVON GROSS was an officer or director or employee

8   of HOPE Federal Credit Union.

9

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          <u>Instruction No. 15: Count Two, Second Element: Giving Something of Value</u>

2          The second element the Government must prove beyond a reasonable doubt is that YURI

3   LEBEDEV gave or agreed to give or offered or promised something of value to TREVON

4   GROSS as alleged in the Indictment.

5          The law makes no distinction between offering, promising, or actually giving a corrupt

6   payment.  The mere offer or promise of such a payment is just as much a violation of the statute

7   as the actual giving of one.

8          It is not necessary that the Government prove that the payment was made directly to

9   TREVON GROSS.  If the payment was made corruptly, or was offered or promised to be made

10  corruptly, to a third party, such as another person or entity, with intent to influence or reward

11  TREVON GROSS, that is sufficient to satisfy this element.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    Instruction No. 16: Count Two, Third Element:
2    Corrupt Intent to Influence Business of the Financial Institution

3    The third element the Government must prove beyond a reasonable doubt is not just that

4    YURI LEBEDEV gave or agreed to give or offered or promised something of value to TREVON

5    GROSS, but that he did so knowingly and corruptly and with the intent to influence or reward

6    TREVON GROSS in connection with any business or transaction of HOPE Federal Credit

7    Union.

8    To act corruptly means to act voluntarily and deliberately with the bad purpose of

9    accomplishing either an unlawful end or result, or a lawful end or result by some unlawful

10   method or means.  This involves conscious wrongdoing, or as it sometimes has been expressed, a

11   bad or evil state of mind.  The motive to act corruptly is ordinarily a hope or expectation of either

12   financial gain or some other benefit to oneself or some profit or benefit to another.

13   The relevant question for your consideration with respect to Count Two is YURI

14   LEBEDEV's intent, not TREVON GROSS's intent.  In order to find YURI LEBEDEV guilty,

15   the Government does not have to prove that TREVON GROSS had a corrupt intent, corruptly

16   accepted any payment, or that a payment corruptly influenced any business or transaction of

17   HOPE Federal Credit Union.  Nor is it necessary for the Government to prove that TREVON

18   GROSS had the authority to perform the act that YURI LEBEDEV allegedly corruptly sought

19   for him to undertake.  Also, if you find that YURI LEBEDEV acted with the intent to reward

20   TREVON GROSS for a decision already made, it does not matter that the payment was not made

21   or offered until after the decision was made.

22

21

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                <u>Instruction No. 17: Count Two, Fourth Element:</u>
2                          <u>Value Greater Than $1,000</u>

3         The fourth element the Government must prove beyond a reasonable doubt is that the

4    thing of value given or agreed to or offered or promised by YURI LEBEDEV had a value greater

5    than $1,000.  The Government need not prove the exact value of the thing of value as long as

6    there is proof beyond a reasonable doubt that the value exceeded $1,000.

7

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    Instruction No. 18: Count Three:  Accepting Corrupt Payments as an Officer of a Financial
2                                          Institution

3         Count Three of the Indictment charges TREVON GROSS with corruptly soliciting,

4    demanding for the benefit of any person, accepting, or agreeing to accept payments as an officer

5    of a financial institution with intent to be influenced or rewarded.   In order to find TREVON

6    GROSS guilty of this crime, the Government must prove the following elements beyond a

7    reasonable doubt:

8         First, that TREVON GROSS was an officer or director or employee of a financial

9    institution;

10        Second, that TREVON GROSS solicited, demanded, accepted, or agreed to accept

11   something of value, either for his own benefit or the benefit of another;

12        Third, that TREVON GROSS did so knowingly and corruptly, and with the intent to be

13   influenced or rewarded in connection with any business or transaction of HOPE Federal Credit

14   Union; and

15        Fourth, that the thing of value solicited, demanded, accepted or agreed to accept, had a

16   value greater than $1,000.

17        I have already instructed you on the meaning of these elements in discussing Count Two,

18   and you should follow those instructions with respect to this Count.

19        With respect to the third element – corrupt intent – remember that to act corruptly means

20   to act voluntarily and deliberately with the bad purpose of accomplishing either an unlawful end

21   or result, or a lawful end or result by some unlawful method or means.  Here, it is TREVON

22   GROSS's intent in accepting the payments that is the relevant question, not the intent of the

23

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    person or persons offering or making the payments.  Even if you find that payments were made

2    to GROSS with a corrupt intent, you may not find TREVON GROSS guilty unless you find that

3    he also acted with a corrupt intent.

4            Remember that it is TREVON GROSS's intent to be influenced or rewarded that matters,

5    not the subsequent actions he undertook concerning HOPE Federal Credit Union or the

6    subsequent actions of HOPE Federal Credit Union.  In order to find TREVON GROSS guilty,

7    the Government does not have to prove that the payment or offer of payment actually influenced

8    any of TREVON GROSS's decisions concerning HOPE Federal Credit Union.  Also, if you find

9    that TREVON GROSS acted with the intent to be rewarded for a decision already made, it does

10   not matter that the payment was not made or offered until after the decision was made.

11           Also remember that in order to find TREVON GROSS guilty, the Government does not

12   have to prove that TREVON GROSS received the payments directly.  If TREVON GROSS

13   corruptly solicited, demanded, accepted, or agreed to accept a payment on behalf of another

14   person or entity with the intent to be influenced or rewarded, that is sufficient to find him guilty.

15

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                        <u>Instruction No. 19: Bona Fide Payments</u>

2             The corrupt payments statute charged in Counts Two and Three does not criminalize

3      legitimate commercial and business practices.  It only applies to payments made with a corrupt

4      intent.  Thus, the statute does not apply to bona fide salary, wages, fees, or other compensation

5      paid, or expenses paid or reimbursed, in the usual course of business.   Bona fide means in good

6      faith or without deceit or fraud.  If you find that either of the Defendants made or accepted, or

7      offered or agreed to make or accept, bona fide payments without corrupt intent, you must find

8      that Defendant not guilty on the count you are considering.

9

25

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                           Instruction No. 20: Count One:  Overview

2              I will now turn to the conspiracy offense charged in Count One.  Count One charges

3      YURI LEBEDEV and TREVON GROSS with conspiring to violate certain federal laws.

4              A conspiracy is a kind of criminal partnership—an agreement or understanding between

5      two or more persons to accomplish some unlawful purpose.  The crime of conspiracy to violate

6      federal law is an independent offense from the actual violation of any specific federal law.

7      Indeed, you may find either of the Defendants guilty of conspiring to violate federal law even if

8      you find that the crimes which were the objects of the conspiracy were never actually committed.

9              Count One charges Yuri Lebedev and Trevon Gross with conspiring with others, from in or

10     about April 2014 to in or about 2015, to achieve four unlawful objectives in an effort to further the

11     operations of Coin.mx or the Collectables Club: (1) to make corrupt payments to Trevon Gross with

12     the intent to influence Gross in connection with the business of HOPE FCU; (2) to have Trevon

13     Gross receive or agree to receive corrupt payments with the intent to be influenced in connection

14     with the business of HOPE FCU; (3) to obstruct an examination of HOPE FCU by the NCUA; and

15     (4) to make false statements to the NCUA in connection with the NCUA's examinations of HOPE

16     FCU.

17             As is clear from the Indictment, the Government has charged the Defendants with what is

18     called a "multi-object conspiracy," that is, a conspiracy with more than one objective.

19             The first object of the alleged conspiracy was to make corrupt payments to TREVON

20     GROSS with the intent to influence GROSS in the business of HOPE Federal Credit Union, in

21     violation of Title 18, United States Code, Section 215(a)(1).

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    The second object of the alleged conspiracy was to have TREVON GROSS receive or

2    agree to receive the corrupt payments with the intent to be influenced in the business of HOPE

3    Federal Credit Union, in violation of Title 18, United States Code, Section 215(a)(2).

4    The third object of the alleged conspiracy was to obstruct an examination of HOPE

5    Federal Credit Union by the National Credit Union Administration (NCUA), in violation of Title

6    18, United States Code, Section 1517.

7    The fourth object of the alleged conspiracy was to make false statements to the NCUA, in

8    violation of Title 18, United States Code, Section 1001.

9    In order to find YURI LEBEDEV or TREVON GROSS guilty on Count One, you must

10    find that the Government has proven each of the following elements beyond a reasonable doubt

11    as to that Defendant:

12    <u>First</u>, that there was an agreement between two or more persons to commit one or more

13    of the crimes that were the objects of the conspiracy charged in the Indictment;

14    <u>Second</u>, that the Defendant you are considering knowingly and willfully became a

15    member of the conspiracy charged; and

16    <u>Third</u>, that any one of the conspirators knowingly committed at least one overt act in

17    furtherance of the conspiracy.

18    I will now discuss each of these elements in more detail.

19

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

<table>
<tr><td>1</td><td style="text-align:center">Instruction No. 21: Count One, First Element:</td></tr>
<tr><td>2</td><td style="text-align:center">Existence of the Conspiracy</td></tr>
</table>

3    The first element which the Government must prove beyond a reasonable is that two or

4   more persons entered the unlawful agreement charged in Count One of the Indictment – that is,

5   that two or more persons agreed to commit at least one of the four criminal objects charged in the

6   Indictment.

7    As I previously stated, a conspiracy is an agreement or understanding between two or

8   more persons to accomplish some unlawful purpose. To establish the existence of a conspiracy,

9   however, the Government is not required to show that two or more people sat around a table and

10  entered into a formal contract. It is sufficient if two or more persons, in any manner, came to a

11  common understanding to violate the law. Express language or specific words are not required to

12  indicate agreement to or membership in a conspiracy. As I already told you, it is not necessary

13  that a conspiracy actually succeed in its purpose for you to conclude that it existed.

14  Nevertheless, in determining whether two or more individuals have agreed to commit a crime,

15  you may look at all of their conduct – including any acts done to carry out an apparent criminal

16  purpose – and determine whether that conduct reflects an intent to carry out a common criminal

17  purpose. The old saying "actions speak louder than words" applies here.

18   If, upon consideration of all the evidence, direct and circumstantial, you find that the

19  Government has proven beyond a reasonable doubt that there was a meeting of the minds or

20  agreement between two or more persons to commit one or more of the crimes that are the objects

21  of the conspiracy charged in Count One, then proof of the existence of a conspiracy is

22  established. Mere discussions about crimes or mere knowledge of crimes without an agreement

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    to commit them is not a conspiracy.  Further, an agreement to achieve a lawful goal is not the

2    same as a criminal conspiracy – two or more individuals must have agreed to commit a crime.

3            It is also not necessary for the Government to prove that two or more individuals agreed

4    to commit all four criminal objects of the conspiracy as charged in Count One of the Indictment.

5    An agreement to accomplish any one of the alleged objects is sufficient.  But if you do not

6    unanimously find beyond a reasonable doubt that all of the objects of the conspiracy were

7    proven, you must be unanimous as to which object you do find proven.  In other words, to return

8    a verdict of guilty on Count One, you must reach agreement as to at least one object of the

9    alleged conspiracy and find that the defendant in question knowingly and intentionally entered

10   into an agreement to achieve <u>that</u> unlawful objective.

11           I have instructed you on the elements of the substantive bribery offenses charged in

12   Counts Two and Three, which are the first two alleged objects of the conspiracy charged in

13   Count One.  You should follow those instructions here.

14           I will now instruct you on the elements of the substantive offenses that are the third and

15   fourth objects of the alleged conspiracy.

16

29

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1
2

Instruction No. 22: Count One, First Element, Third Object:
Obstruction of an Examination of a Financial Institution

3      The third object of the conspiracy charged in Count One is to corruptly obstruct an

4   examination of a financial institution, specifically, HOPE Federal Credit Union, by an agency of

5   the United States with jurisdiction to conduct an examination, specifically, the National Credit

6   Union Administration (NCUA), in violation of Title 18, United States Code, Section 1517.  This

7   crime has three elements:

8      First, that on or about the dates set forth in the Indictment, an agency of the United States

9   with jurisdiction to conduct an examination, in this case, the NCUA, was in fact conducting an

10   examination of a financial institution, specifically HOPE Federal Credit Union.  In order to

11   establish that HOPE Federal Credit Union was a financial institution, the Government must

12   prove that HOPE Federal Credit Union was a credit union with accounts insured by the National

13   Credit Union Share Insurance Fund.  I instruct you that the NCUA is an agency of the United

14   States with jurisdiction to conduct an examination of a credit union with accounts insured by the

15   National Credit Union Share Insurance Fund.

16      Second, that a Defendant or a co-conspirator knew that the NCUA was conducting an

17   examination of HOPE Federal Credit Union; and

18      Third, that a Defendant or a co-conspirator corruptly obstructed or attempted to obstruct

19   the NCUA's examination.

20      The success of the endeavor to obstruct the NCUA's examination is not an element of the

21   crime. Thus, it is sufficient if you find that a Defendant or a co-conspirator corruptly made any

22   effort or did any act for the purpose of obstructing the NCUA examination, even if the

30

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    examination was not in fact obstructed. The word "corruptly" as used in the statute means simply

2    having the improper motive or purpose of obstructing the examination.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1
2

<u>Instruction No. 23: Count One, First Element, Fourth Object:</u>
<u>False Statements to the NCUA</u>

3    The fourth object of the conspiracy charged in Count One is knowingly and willfully

4    making materially false statements to the executive branch of the Government of the United

5    States, specifically, the National Credit Union Administration (NCUA), in violation of Title 18,

6    United States Code, Section 1001.  This crime has five elements:

7    <u>First</u>, that on or about the dates set forth in the Indictment, a Defendant or a co-

8    conspirator did one or more of the following:

9    (a)    Falsify, conceal or cover up a fact.  As used in the statute, the term "falsify"

10   means to make an untrue statement which is untrue at the time made and is known to be untrue at

11   the time made. To "conceal" means to withhold from another. It requires some act to prevent

12   detection of some fact the Defendant was required to reveal.  And to "cover up" means to hide

13   from another. The Government must prove, beyond a reasonable doubt, that the Defendant had a

14   legal duty to disclose the fact concealed or covered up.

15   (b)    Make a statement or representation.  In this regard, the government need not

16   prove that the Defendants or a co-conspirator physically made or otherwise personally prepared

17   the statement in question.  It is sufficient if the Defendants or a co-conspirator caused the

18   statement to have been made.  Under this statute, there is no distinction between written and oral

19   statements.

20   (c)    Use a writing or document.  In this regard, the Government need not prove that

21   the Defendants or a co-conspirator personally prepared the writing or document.  It is sufficient

32

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1   to satisfy this element if you find that the Defendants or a co-conspirator caused the writing or

2   document to be used.

3        <u>Second</u>, if a Defendant or a co-conspirator did one or more of the acts in the first element,

4   that the act or acts were done as follows:

5        (a)        Falsify or conceal or cover up by trick, scheme or device.  This language is almost

6   self-explanatory.  A scheme is a plan for the accomplishment of an object.  A trick or device is a

7   deceptive act or strategy calculated to deceive other persons.

8        (b)        Make a statement or representation that was false, fictitious or fraudulent.

9        (c)        Use a writing or document containing a statement or entry that was false,

10   fictitious or fraudulent.

11        A statement or representation or entry is "false" or "fictitious" if it was untrue when

12   made, and known at the time to be untrue by the person making it or causing it to be made.  A

13   statement or representation or entry is "fraudulent" if it was untrue when made and was made or

14   caused to be made with the intent to deceive the NCUA.

15        <u>Third</u>, that the fact falsified or concealed or covered up, or the false, fictitious, or

16   fraudulent statement or representation, or the false, fictitious, or fraudulent statement or entry

17   contained in a writing or document, was material.  A fact or statement or representation or entry

18   is "material" if it has a natural tendency to influence or is capable of influencing the NCUA's

19   decisions or activities. However, proof of actual reliance on the fact or statement or

20   representation or entry by the NCUA is not required.

21        <u>Fourth</u>, that a Defendant or a co-conspirator acted knowingly and willfully.  An act is

22   done knowingly if it is done purposely and voluntarily, as opposed to mistakenly or accidentally.

33

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1   An act is done willfully if it is done with an intention to do something the law forbids, a bad

2   purpose to disobey the law, and, only with respect to concealment, with specific intent to fail to

3   do something the law requires to be done.

4        Fifth, and finally, that the falsification, concealment, or cover-up was with respect to a

5   matter within the jurisdiction of the Government of the United States.  I charge you that the

6   NCUA is a department of the United States government.  To be within the jurisdiction of the

7   Government of the United States means that the statement must concern an authorized function

8   of that federal department or agency, in this case, the NCUA.  It is not necessary for the

9   Government to prove that the Defendants had actual knowledge that the false statement was to

10  be utilized in a matter that was within the jurisdiction of the NCUA.  It is sufficient to satisfy this

11  element if you find that the false statement was made with regard to a matter within the

12  jurisdiction of the NCUA.

13       I instruct you that under the false statements statute, it is not necessary for the

14  Government to prove that the NCUA was, in fact, misled as a result of the action of the

15  Defendants. It does not matter that the NCUA was not misled, or even that it knew of the

16  misleading or deceptive act, should you find that the act occurred.  These circumstances would

17  not excuse or justify a concealment undertaken, or a false, fictitious or fraudulent statement

18  made, or a false writing or document submitted, willfully and knowingly about a matter within

19  the jurisdiction of the NCUA.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

<u>Instruction No. 24: Count One, Second Element:</u>
<u>Participation in the Conspiracy</u>

If you find the Government has proven beyond a reasonable doubt that the conspiracy alleged in Count One existed, you must then determine whether the Government has proven beyond a reasonable doubt that YURI LEBEDEV and TREVON GROSS knowingly and willfully joined that conspiracy.

In determining whether either Defendant became a member of the conspiracy, you must determine not only whether he participated in it, but also whether he did so with knowledge of its illegal objective.  Did the specific Defendant join the conspiracy with an awareness of its aim and purpose and with the specific intent of furthering that purpose? Knowledge is a matter of inference from facts proved. To have guilty knowledge, a Defendant need not know the full extent of the conspiracy or even who all the co-conspirators are.  Similarly, a Defendant need not know all of the activities of the conspiracy.  Indeed, a single act may be enough to bring one within the membership of the conspiracy, provided that the Defendant was aware of the conspiracy and knowingly associated himself with its criminal aims.  It does not matter whether a given Defendant's role in the conspiracy may have been more limited than or different in nature from the roles of his co-conspirators, provided he was himself a participant.

Of course, mere presence at a scene of a crime, or mere association with one or more members of a conspiracy, even coupled with awareness that those other people are acting unlawfully, does not make a Defendant a member of the conspiracy.   Further, the fact that the acts of a Defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the Defendant a member of the conspiracy.  Nor is knowledge of

35

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1  or acquiescence in a conspiracy without participation sufficient.  As I have stressed, what is

2  necessary is that the Defendant in question participate in a conspiracy with knowledge of its

3  unlawful purpose and with intent to aid in the accomplishment of that end.

4      It is also not necessary that the Defendant receive or even anticipate any financial benefit

5  from participating in the conspiracy as long as he participated in it in the way I have explained.

6  That said, while proof of a financial interest in the outcome of a scheme is not essential, if you

7  find that the Defendant had such an interest, that is a factor which you may properly consider in

8  determining whether or not he was a member of the conspiracy charged in the Indictment.

9      Finally, as I have said before, you must separately determine, as to each Defendant,

10  whether he was a member of the conspiracy.

11

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          <u>Instruction No. 25: Count One, Third Element:</u>
2                              <u>Overt Act</u>

3          Let me now turn to the third element of the conspiracy alleged in Count One, the

4    requirement of an overt act.

5          Count One requires the Government to prove beyond a reasonable doubt that at least one

6    co-conspirator knowingly committed at least one overt act in furtherance of the conspiracy.  The

7    overt act element requires the Government to show something more than mere agreement; it

8    must show that some overt step or action was taken by at least one of the conspirators in

9    furtherance of the conspiracy.  In other words, the Government must show that the agreement

10   went beyond the mere talking stage.  It must show that at least one of the conspirators actually

11   did something in furtherance of the conspiracy.

12         In order for the Government to satisfy the overt act requirement, it is not necessary for

13   the Government to prove any of the specific overt acts alleged was committed.  Nor does the

14   Government have to prove that it was YURI LEBEDEV or TREVON GROSS who committed

15   the overt act.  It is sufficient for the Government to show that any of the members of the

16   conspiracy knowingly committed some overt act in furtherance of the conspiracy.  Further, the

17   overt act need not be one that is alleged in the Indictment.  Rather it can be any overt act that is

18   substantially similar to those acts alleged in the Indictment, if you are convinced beyond a

19   reasonable doubt that the act occurred while the conspiracy was still in existence and that it was

20   done in furtherance of the conspiracy as described in the Indictment.  In addition, you need not

21   be unanimous as to which overt act you find to have been committed.  It is sufficient as long as

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    all of you find that at least one overt act was committed by one of the conspirators in furtherance

2    of the conspiracy.

3             Finally, you should bear in mind that the overt act, standing alone, may be an innocent,

4    lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a

5    step in carrying out, promoting, aiding, or assisting the conspiratorial scheme.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    Instruction No. 26: Count One: Liability for Acts and Declarations of Co-Conspirators

2         When people enter into a conspiracy to accomplish an unlawful end, they become agents

3    or partners of one another in carrying out the conspiracy.  Accordingly, the reasonably

4    foreseeable acts, declarations, statements, and omissions of any member of the conspiracy and in

5    furtherance of the common purpose of the conspiracy are deemed under the law to be the acts of

6    all of the members.  All of the members are responsible for such acts, declarations, statements,

7    and omissions.

8         If you find beyond a reasonable doubt that the specific Defendant you are considering

9    knowingly and willfully participated in the conspiracy charged in the Indictment, then any acts

10   done or statements made in furtherance of the conspiracy by persons also found by you to have

11   been members of that conspiracy may be considered against that Defendant.  This is so even if

12   such acts were done and statements were made in the Defendant's absence and without his

13   knowledge.  However, before you may consider the statements or acts of a co-conspirator in

14   deciding the issue of a Defendant's guilt, you must first determine that the acts and statements

15   were made during the existence and in furtherance of the unlawful scheme.  If the acts were done

16   or the statements made by someone whom you do not find to have been a member of the

17   conspiracy at the time of the acts or statements, or if they were not done or said in furtherance of

18   the conspiracy, they may be considered by you as evidence only against the member who said or

19   did that.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1            Instruction No. 27: Count One:  Withdrawal from the Conspiracy

2        The Defendant has raised the defense that he was not a member of the conspiracy

3    because he withdrew from the conspiracy prior to the commission of the first overt act in

4    furtherance of the conspiracy.  Once a person joins a conspiracy, that person remains a member

5    until he withdraws from it.  Any withdrawal must be complete and it must be done in good faith.

6    But it is a defense to the charge of conspiracy that a Defendant withdrew from the conspiracy

7    before the commission of the first overt act in furtherance of the conspiracy.  A person can

8    withdraw from a conspiracy by taking some affirmative steps to terminate or abandon his

9    participation in, and efforts to promote, the conspiracy.  In order to withdraw from the

10   conspiracy, the Defendant must take some definite, decisive, and affirmative action to disavow

11   himself from the conspiracy or to defeat the goal or purpose of the conspiracy.

12       Merely stopping activities or cooperation with the conspiracy or merely being inactive for

13   a period of time is not sufficient to constitute the defense of withdrawal.

14       In deciding if a Defendant took a step to disavow or defeat the conspiracy, you may

15   consider whether he told others in the conspiracy that his participation had ended, whether the

16   Defendant took steps to correct prior assistance to the group, and whether he attempted to

17   remedy any past act or attempted to prevent any further progress of the conspiracy.

18       It is not sufficient to constitute the defense of withdrawal for a defendant to sever ties

19   with some but not all members of the conspiracy.  Furthermore, the defendant must not take any

20   subsequent acts to promote the conspiracy, such as steps to conceal the conspiracy, and must not

21   receive any additional benefits from the conspiracy.

40

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1       The Defendant has the burden of proving that he withdrew from the conspiracy by a

2   preponderance of the evidence.  To prove something by a preponderance of the evidence means

3   to prove that it is more likely true than not true. It is determined by considering all of the

4   evidence and deciding which evidence is more convincing. In determining whether the

5   Defendant has proven that he withdrew from the conspiracy, you may consider all relevant,

6   admissible evidence.  If the evidence appears to be equally balanced, or if you cannot say upon

7   which side it weighs heavier, you must resolve this question against the Defendant.  It is

8   important to remember, however, that the fact that the Defendant has raised this defense does not

9   relieve the Government of its burden of proving that there was an agreement, that the Defendant

10  knowingly and voluntarily joined the conspiracy, and that an overt act was committed in

11  furtherance of the conspiracy.  Those are things that the Government still must prove beyond a

12  reasonable doubt in order for you to convict the Defendant of the crime of conspiracy.

41

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          <u>Instruction No. 28: Count One: Multiple Conspiracies</u>

2          In this case, the Defendants contend that, as to Count One, the Government's proof fails

3   to show the existence of only one overall conspiracy. Rather, they claim that there were actually

4   several separate and independent conspiracies with various groups of members.

5   Whether there existed a single unlawful agreement, or many such agreements, or indeed, no

6   agreement at all, is a question of fact for you, the jury, to determine in accordance with the

7   instructions I am about to give you.

8          When two or more people join together to further one common unlawful design or

9   purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there

10  are separate unlawful agreements to achieve distinct purposes.

11         Proof of several separate and independent conspiracies is not proof of the single, overall

12  conspiracy charged in Count One, unless one of the conspiracies proved happens to be the single

13  conspiracy described in the Indictment.

14         You may find that there was a single conspiracy despite the fact that there were changes

15  in personnel by additions of new members or loss of old members, or changes in activities, or

16  both, so long as you find that some of the co-conspirators continued to act for the entire duration

17  of the conspiracy for the purposes charged in the indictment. The fact that the members of a

18  conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

19         On the other hand, if you find that the conspiracy charged in Count One did not exist, you

20  cannot find any Defendant guilty of the single conspiracy charged in Count One. This is so even

21  if you find that some conspiracy other than the one charged in Count One existed, even though

42

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    the purposes of both conspiracies may have been the same and even though there may have been

2    some overlap in membership.

3         Similarly, if you find that a particular Defendant was a member of another conspiracy,

4    and not the one charged in Count One, then you must acquit the Defendant of the conspiracy

5    charge in Count One.

6         Therefore, what you must do is determine whether the conspiracy charged in Count One

7    existed. If it did, you then must determine the nature of the conspiracy and who were its

8    members.

9

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          <u>Instruction No. 29: Evidence You May Consider</u>

2          You have seen and heard evidence that sometime after a meeting involving Trevon

3  Gross, Yuri Lebedev, and other members of the Collectables Club, held on or about November

4  22, 2014, there was a falling-out between Trevon Gross on one hand and the Collectables Club

5  members on the other hand. It is up to you to determine, based on all the evidence, when

6  precisely that falling-out occurred.

7          You may consider, against both Yuri Lebedev and Trevon Gross, evidence of acts and

8  statements by the defendants and individuals affiliated with HOPE FCU, the Collectables Club,

9  and Kapcharge, that occurred <u>before</u> the date of the falling out between Gross and the

10  Collectables Club. Evidence of acts and statements by various individuals that occurred <u>after</u> the

11  date of the falling-out between Gross and the Collectables Club may be considered in the

12  following ways:

13          Acts and statements by the Defendants and members of the Collectables Club regarding

14  the November 22 meeting or the relationship between Gross and the Collectables Club, that

15  occurred after the date of the falling-out between Gross and the Collectables Club, may be

16  considered against both Yuri Lebedev and Trevon Gross.

17          Acts and statements by Yuri Lebedev and other members of the Collectables Club

18  regarding contacting the NCUA about HOPE FCU, that occurred after the date of the falling-out

19  between Gross and the Collectables Club, may be considered against both Yuri Lebedev and

20  Trevon Gross.

21          Acts and statements by Yuri Lebedev and other members of the Collectables Club

22  regarding efforts to take control of credit unions other than HOPE Federal Credit Union and

44

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    starting a new credit union of their own, including eCommerce PMA Federal Credit Union, that

2    occurred after the date of the falling-out between Gross and the Collectables Club, (a) may be

3    considered against Yuri Lebedev only for whether the conspiracy charged in Count One existed

4    and who its members were, but not for whether Lebedev knowingly participated in that

5    conspiracy, and (b) may not be considered against Trevon Gross.

6          Acts and statements by Trevon Gross; Charles Blue and other individuals affiliated with

7    HOPE FCU; and Mark Francis, Shoula Cohen, and other individuals affiliated with Kapcharge,

8    that occurred after the date of the falling-out between Gross and the Collectables Club (a) may be

9    considered against Trevon Gross, and (b) may be considered against Yuri Lebedev only for

10   whether the conspiracy charged in Count One existed and who its members were, but not for

11   whether Lebedev knowingly participated in that conspiracy.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1           <u>Instruction No. 30: Counts Four through Six:  Overview</u>

2           Count Four alleges that YURI LEBEDEV conspired to commit wire and bank fraud.

3   Counts Five and Six allege that LEBEDEV committed the substantive crimes of wire fraud and

4   bank fraud, respectively.  TREVON GROSS is not charged in Counts Four through Six.

5           I have already explained the elements of conspiracy when I discussed Count One and you

6   should follow those instructions with respect to the conspiracy charged in Count Four with one

7   exception.  Unlike the conspiracy charged in Count One you do <u>not</u> have to find that any overt

8   act was committed by any conspirator in furtherance of the conspiracy charged in Count Four.

9   In other words, the law does not require the Government to prove that any overt act was

10  committed in order to prove a conspiracy to commit wire fraud or bank fraud.  I remind you,

11  however, that if you do not unanimously find that both wire fraud and bank fraud were objects of

12  the conspiracy, in order to convict YURI LEBEDEV on Count Four you must unanimously

13  agree that either wire fraud or bank fraud was an object of the conspiracy.

14          I will now explain the elements of wire fraud and bank fraud, which are the two objects

15  of the conspiracy charged in Count Four.

16

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          <u>Instruction No. 31: Count Five:  Wire Fraud</u>

2          Count Five charges YURI LEBEDEV with wire fraud.  In order to find the Defendant

3   guilty of this crime, the Government must prove the following elements beyond a reasonable

4   doubt:

5          <u>First:</u>  That the scheme or artifice to defraud others of money or property by materially

6   false and fraudulent pretenses which is charged in Count Five of the Indictment existed in or

7   about the times alleged in the Indictment ;

8          <u>Second:</u>  That the Defendant knowingly, willfully, and with the specific intent to defraud,

9   participated in the scheme or artifice, with knowledge of its fraudulent nature; and

10          <u>Third:</u>  That in execution of the scheme, the Defendant used or caused the use by others

11   of interstate or international wires.

12

47

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1
2

<u>Instruction No. 32: Count Five, First Element:</u>
<u>Scheme or Artifice to Defraud</u>

3    The first element the Government must prove beyond a reasonable doubt is the existence

4    of a scheme or artifice to defraud others of money or property by means of false or fraudulent

5    pretenses, representations, or promises.  I will now define some of these terms for you.

6    A "scheme or artifice" is simply a plan that is designed to accomplish an objective.

7    "Fraud" is a broad term.  It includes all the possible means by which a person seeks to

8    gain some unfair advantage over another by false representations, false suggestion, false

9    pretenses, concealment of the truth, or deliberate disregard for the truth.  Thus, a "scheme or

10   artifice to defraud" is any plan, device, or course of action to deprive another of money or

11   property by means of false or fraudulent pretenses, representations, or promises.  It is a plan to

12   deprive another of money or property by trick, deceit, or swindle.   Here, the Government alleges

13   that the scheme to defraud was carried out by making false and fraudulent statements and

14   representations to financial institutions.

15   A statement or representation is false if it is untrue when made and was then known to be

16   untrue by the person making it or causing it to be made.  A representation or statement is

17   fraudulent if it was false and the Defendant made it with the intent to deceive.

18   The false or fraudulent representation or concealment in a wire fraud scheme must relate

19   to a material fact or matter.   A material fact is one you would reasonably expect to be of concern

20   to a reasonable and prudent person in relying upon the representation or statement in making a

21   decision.  This means that if you find a particular statement of fact to have been false, you must

48

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1   also determine whether that statement was one that a reasonable person would have considered

2   important in making his or her decision.

3         To find an untruthful statement or representation material, you must conclude that the

4   statement or representation was one that was capable of influencing the decision-maker to whom

5   it was directed—here, a financial institution—and was intended by the Defendant to influence

6   the financial institution's decision.  It does not matter whether the financial institution actually

7   relied on the misrepresentation.  However, the misrepresentation had to be capable of influencing

8   the financial institution, and intended by the Defendant to influence the financial institution,

9   whether it influenced the financial institution or not.

10         The Government is not required to establish that anyone actually relied on any false or

11   fraudulent statement or representation.  Rather the statement or representation merely had to be

12   capable of influencing the financial institution; whether the financial institution was actually

13   influenced or not is of no moment.

14         In order to establish a scheme to defraud, the Government must also prove that the

15   alleged scheme contemplated depriving the financial institution of money or property.   In this

16   regard, a person is not deprived of money or property only when someone directly takes money

17   or property from that person, although that is obviously one way that a person or entity can be so

18   deprived.

19         A person can also be deprived of money or property when that person is provided false or

20   fraudulent information that, if believed, would prevent the person from being able to make

21   informed economic decisions about what to do with his or her money or property.  In other

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    words, a person is deprived of money or property when the person is deprived of the right to

2    control that money or property.

3        Because the Government need only show that a scheme to defraud existed, not that it

4    succeeded, it is not necessary for the Government to prove that the financial institutions actually

5    lost money or property as a result of the scheme.  For you to find YURI LEBEDEV guilty,

6    however, the Government must prove that such a loss was contemplated by the Defendant.

7    That is, to carry its burden, the Government must prove that the Defendant contemplated and

8    intended doing harm to a victim—that he intended to do something more than merely deceive the

9    financial institutions.

10        In considering whether contemplation of the required loss was proved by the

11   Government, keep in mind that the loss of the right to control money or property constitutes

12   deprivation of money or property only when the scheme, if it were to succeed, would result in

13   economic harm to the victim.  If all the Government proves is that under the scheme, it was

14   contemplated that the financial institutions would enter into transactions they would otherwise

15   not have entered into, without proving that the financial institutions would thereby have suffered

16   economic harm, then the Government will not have met its burden of proof.

17        A scheme to defraud need not be shown by direct evidence, but may be established by all

18   the circumstances and facts in the case.

19        Finally, it does not matter whether the financial institutions might have discovered the

20   fraud had they probed further.  If you find that a scheme existed, it is irrelevant whether you

21   believe that the victim was careless, gullible, or even negligent.

22

50

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    <u>Instruction No. 32: Count Five, Second Element:</u>
2    <u>Knowledge and Intent to Defraud</u>

3    The second element that the Government must prove beyond a reasonable doubt is that

4    YURI LEBEDEV participated in a scheme to defraud knowingly, willfully, and with specific

5    intent to defraud.

6    To participate in a scheme means to engage in it, by taking some affirmative step to help

7    it succeed.

8    I have already instructed you on the meaning of "knowingly" and "willfully" and you

9    should follow those instructions here.

10   To act with "intent to defraud" means to act knowingly and with the specific intent to

11   deceive, for the purpose of causing some financial harm or deprivation of property to another.

12   The Government need not prove that any intended victim was actually harmed; only that such

13   harm was contemplated.

14   The question of whether a person acted knowingly, willfully, and with intent to defraud is

15   a question of fact for you to determine, like any other fact question.  This question involves one's

16   state of mind.

17   Science has not yet invented a way for us to look inside someone's head to see what he is

18   thinking and intending and knowing.  Direct proof of knowledge, willfulness, and fraudulent

19   intent is almost never available.  Rarely is it the case that a person wrote or stated that as of a

20   given time in the past he committed an act with fraudulent intent.  Such direct proof is not

21   required.

51

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    The ultimate facts of knowledge and criminal intent, though subjective, may be

2  established by circumstantial evidence, based upon a person's outward manifestations, words,

3  conduct, and acts, taken in light of all the surrounding circumstances that are disclosed by the

4  evidence, together with the rational or logical inferences that may be drawn from them.

5    What is referred to as drawing inferences from circumstantial evidence is no different

6  from what people normally mean when they say, "use your common sense."  Using your

7  common sense means that, when you come to decide whether the Defendant possessed or lacked

8  an intent to defraud, you need not limit yourself to just what the Defendant said, but you may

9  also look at what the Defendant did and what others did in relation to the Defendant and, in

10  general, to everything that occurred.

11    Circumstantial evidence, if believed, is of no less value than direct evidence.  In either

12  case, the essential elements of the crime must be proven beyond a reasonable doubt.

13    In order to sustain the charges against YURI LEBEDEV, the Government must prove

14  beyond a reasonable doubt that the Defendant participated in the alleged scheme with an

15  understanding of its fraudulent or deceptive character and with the intent to help it succeed.

16    That said, there are certain things that the Government need not prove in order to meet its

17  burden.  It need not prove that the Defendant participated in or even knew about all of the

18  operations of the scheme.  It need not prove that the Defendant originated or invented the

19  scheme, or participated in it from its inception.  A person who begins to participate in a scheme

20  after it begins is just as guilty as a person who participates from the beginning, as long as the

21  person who joins at a later point becomes aware of the scheme's general purpose and operation

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    and acts intentionally to further its unlawful goal or goals.   Finally, the Government need not

2    prove that the Defendant participated in the scheme to the same degree as other participants.

3

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

Instruction No. 33: Count Five, Third Element:
Use of Interstate Wires

The third element the Government must prove beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.  The wire communication must pass between two or more states as, for example, an email sent from New York to Florida, or it must pass between the United States and a foreign country as, for example, an email sent from New York to London.  A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for YURI LEBEDEV to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which YURI LEBEDEV is accused of participating.

In this regard, it is sufficient to establish this element of the crime if you find that YURI LEBEDEV caused the wires to be used by others.  This does not mean that the Defendant must specifically have authorized others to make the telephone call, send the email, or transfer the funds.  When one does an act with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then a person "causes" the wires to be used.

54

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    <u>Instruction No. 34: Count Six:  Bank Fraud</u>

2    Count Six charges YURI LEBEDEV with bank fraud.  In order to find the Defendant

3    guilty of this crime, the Government must prove the following elements beyond a reasonable

4    doubt:

5    <u>First</u>, that there was a scheme to obtain money or property owned or under the custody or

6    control of a bank by means of materially false or fraudulent pretenses, representations or

7    promises as charged in the Indictment;

8    <u>Second</u>, that the Defendant executed or attempted to execute the scheme with the intent

9    to obtain money or property owned or under the custody or control of the bank; and

10    <u>Third</u>, that at the time of the execution of the scheme, the bank had its deposits insured by

11    the Federal Deposit Insurance Corporation.

12

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1
2

<u>Instruction No. 35: Count Six, First Element:</u>
<u>Scheme to Obtain Money or Property Under Bank's Control</u>

3    The first element that the Government must prove beyond a reasonable doubt is that there

4    was a scheme to obtain money or property owned by or under the custody and control of a bank

5    by means of false or fraudulent pretenses, representations or promises as described in the

6    Indictment.

7    I have instructed you on the meaning of "scheme" and you should follow that instruction

8    here.

9    A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful

10   statements of half-truth, the concealment of material facts, and the expression of an opinion not

11   honestly entertained may constitute false or fraudulent representations under the statute.  The

12   deception need not be premised upon spoken or written words alone, however. The arrangement

13   of the words, or the circumstances in which they are used may convey a false and deceptive

14   appearance. If there is intentional deception, the manner in which it is accomplished does not

15   matter.

16   In addition, the fraudulent representation must relate to a material fact or matter. I have

17   previously instructed you on the meaning of "material" and you should follow that instruction

18   here.

19

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          Instruction No. 36: Count Six, Second Element:
2                 Intent to Obtain Money or Property

3          The second element the Government must prove beyond a reasonable doubt is that the

4    Defendant executed or attempted to execute the scheme knowingly and willfully and with the

5    intent to obtain money or funds owned or under the custody or control of the bank.

6          I have already instructed you on the meaning of "knowingly" and "willfully" and you

7    should follow those instructions here.

8          I remind you that the ultimate facts of knowledge and criminal intent, though subjective,

9    may be established by circumstantial evidence, based upon a person's outward manifestations,

10   his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence

11   and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if

12   believed, is of no less value than direct evidence. In either case, the essential elements of the

13   crime charged must be established beyond a reasonable doubt.

14

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1           Instruction No. 37 Count Six, Third Element:
2                FDIC Insured

3        The last element the Government must prove beyond a reasonable doubt is that the

4 relevant bank was insured by the Federal Deposit Insurance Corporation at the time of the

5 execution of the alleged scheme to defraud.

6        As to this last element there is no issue since a stipulation was entered into and read to

7 you in which the parties agree that the relevant banks were insured by the Federal Deposit

8 Insurance Corporation at the time in question.

9        Furthermore, it is not necessary for the Government to prove that the Defendant knew the

10 identity of a particular bank or that the Defendant knew that the bank was insured by the Federal

11 Deposit Insurance Corporation. It must only prove that the Defendant intended to obtain money

12 or funds owned or under the custody or control of a bank by means of false or fraudulent

13 pretenses, representations or promises.

58

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

| | |
|---|---|
| 1 | **OTHER INSTRUCTIONS** |
| 2 | <u>Instruction No. 38: Conscious Avoidance</u> |
| 3 | This concludes my instructions on the crimes charged in the Indictment, but before I |
| 4 | move onto my remaining instructions, I want to now instruct you on the concept of conscious |
| 5 | avoidance. |
| 6 | I instructed that in order to find the Defendants guilty on the counts in which they are |
| 7 | charged, you must find that they acted knowingly in various respects.  In determining whether a |
| 8 | particular Defendant acted knowingly, you may consider whether that Defendant deliberately |
| 9 | closed his eyes to what otherwise would have been obvious to him.  That is what the phrase |
| 10 | "conscious avoidance" refers to. |
| 11 | As I told you before, acts done knowingly must be a product of a person's conscious |
| 12 | intention.  They cannot be the result of carelessness, negligence, or foolishness.  A Defendant |
| 13 | may not, however, willfully and intentionally remain ignorant of a fact material and important to |
| 14 | his own conduct in order to escape the consequences of criminal law.  We refer to this notion of |
| 15 | intentionally blinding yourself to what is staring you in the face as conscious avoidance. |
| 16 | An argument by the Government of conscious avoidance is not a substitute for proof; it is |
| 17 | simply another factor that you, the jury, may consider in deciding what a Defendant knew.  Thus, |
| 18 | if you find beyond a reasonable doubt that a particular Defendant was aware that there was a |
| 19 | high probability that a fact was so, but that the Defendant deliberately avoided confirming this |
| 20 | fact, such as by purposely closing his eyes to it or intentionally failing to investigate it, then you |
| 21 | may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge. |

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    However, if you find that the Defendant had an actual, good faith belief that the particular fact

2    was true, he may not be convicted.

3           With respect to the conspiracy counts, you must also keep in mind that there is an

4    important difference between intentionally participating in the conspiracy, on the one hand, and

5    knowing the specific object of the conspiracy, on the other.  You may consider conscious

6    avoidance in deciding whether a Defendant knew the objective of a conspiracy, that is, whether a

7    Defendant reasonably believed that there was a high probability that a goal of the conspiracy was

8    to commit the crime charged as the object of that conspiracy and deliberately avoided confirming

9    that fact, but participated in the conspiracy anyway.  But conscious avoidance cannot be used as

10   a substitute for finding that a Defendant intentionally joined the conspiracy in the first place.  It

11   is logically impossible for a Defendant to intend and agree to join a conspiracy if he does not

12   actually know it exists, and that is the distinction I am drawing.

13          In sum, if you find that a particular Defendant believed there was a high probability that a

14   fact was so and that the Defendant deliberately and consciously avoided learning the truth of that

15   fact, you may find that the Defendant acted knowingly with respect to that fact.  However, if you

16   find that the Defendant actually believed the fact was not so, then you may not find that he acted

17   knowingly with respect to that fact.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                           Instruction No. 39: Good Faith

2          As to each count, I have instructed you as to what state of mind the Government must

3   prove each Defendant had to be guilty of that crime.  You are to assess each Count and

4   Defendant separately, and in each case review the instructions as to that specific Count.

5          Nevertheless, let me advise you that a Defendant's good faith is a complete defense to all

6   of the charges in this case.  If a Defendant believed in good faith that he was acting properly,

7   even if he was mistaken in that belief, and even if others were ultimately injured by his conduct

8   (contrary to his intention), there would be no crime. The burden of establishing criminal intent

9   and lack of good faith rests upon the Government. A Defendant is under no burden to prove his

10  or her good faith; rather, as to each Count in the Indictment, the Government must prove bad

11  faith as to each Defendant beyond a reasonable doubt.

12

61

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                        <u>Instruction No. 40: Aiding and Abetting</u>

2          In connection with the substantive crimes charged in Counts Two, Five, and Six, YURI

3    LEBEDEV is charged with committing certain criminal acts and also with aiding and abetting

4    the commission of those acts.  As to each of those counts, the Defendant can be convicted <u>either</u>

5    if he committed the crime himself <u>or</u> if the Government proves beyond a reasonable doubt that

6    he aided and abetted the commission of the crime by one or more other persons.

7          A person who aids and abets another to commit an offense is just as guilty of that offense

8    as if he had committed it himself.  Therefore, if you find that the Government has proven beyond

9    a reasonable doubt that another person actually committed a crime with which LEBEDEV is

10   charged in the Indictment, and proved that LEBEDEV aided and abetted that person in the

11   commission of the offense, then you may find him guilty of that crime.

12         In order to convict on an aiding and abetting theory, you must first find that another

13   person has committed the crime charged.  Obviously, the Defendant cannot be convicted of

14   aiding and abetting the criminal act of another if no crime was actually committed by the other

15   person.  In other words, if you find that no one committed the crimes listed in the Indictment

16   under Counts Two, Five, and Six, then you cannot consider the possibility that the Defendant

17   aided or abetted in the commission of any of those offenses.  But if you do find that a crime was

18   committed, then you must consider whether the Government has proved that the Defendant aided

19   or abetted the commission of that crime.

20         In order to aid and abet another to commit a crime, it is necessary that the Government

21   prove that the Defendant willfully and knowingly associated himself in some way with the

22   crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    The intent necessary to support a conviction for aiding and abetting goes beyond mere

2    knowledge by the Defendant that his action would tend to advance some nefarious purpose of the

3    principal.  Rather, the Government must prove that the Defendant engaged in some affirmative

4    conduct or overt act for the specific purpose of bringing about the crime described in the

5    Indictment.

6          In sum, to determine whether YURI LEBEDEV aided and abetted the commission of the

7    crime you are considering, the Government must prove that the Defendant: (1) participated in the

8    crime charged as something he wished to bring about; (2) associated himself with the criminal

9    venture knowingly, deliberately, and willfully; and (3) intended by his actions to make the

10   criminal venture succeed.  If the Government has proved these three things beyond a reasonable

11   doubt, then the Defendant is an aider and abettor and guilty of the crime charged.  If the

12   Government's proof has failed to prove these three things, then the Defendant is not an aider and

13   abettor and you must find him not guilty of the crime charged.

14

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

| | |
|---|---|
| 1 | <u>Instruction No. 41: Venue</u> |
| 2 | In addition to the foregoing elements I have described for you, it is also necessary for you |
| 3 | to decide, as to each Count, whether any part of the offense reached within this District: the |
| 4 | Southern District of New York.  The Southern District of New York comprises the following |
| 5 | counties:  Manhattan, the Bronx, Westchester, Dutchess, Putnam, Rockland, Orange, and |
| 6 | Sullivan.  This is called "venue."  Venue means place or location. |
| 7 | Venue must be examined separately for each count in the Indictment.  Venue on one |
| 8 | count does not establish venue on another count, though if applicable, you may rely on the same |
| 9 | evidence to establish venue on multiple counts. |
| 10 | As to the conspiracy charges, the Government need not prove that any crime was |
| 11 | completed in this District or that the Defendants or any of their co-conspirators were physically |
| 12 | present here.  Rather, venue is proper in this District if any of the Defendants or their co- |
| 13 | conspirators caused any act or event to occur in this District in furtherance of the offense, and it |
| 14 | was reasonably foreseeable to the Defendant that you are specifically considering that the act |
| 15 | would take place in the Southern District of New York. |
| 16 | As to the substantive counts – that is, the non-conspiracy counts – the Government again |
| 17 | need not prove that any crime was completed in this District or that the Defendant in question |
| 18 | was physically present here. Rather, venue is proper in this District provided that any act in |
| 19 | furtherance of the essential conduct of the crime took place in the Southern District of New |
| 20 | York.  Again, the Defendant you are considering need not have specifically intended to cause an |
| 21 | act or event to happen in this District, or even known that he was causing an act or event to |

64

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    happen here, as long as it was reasonably foreseeable to that specific Defendant that such act

2    would occur in this District and it in fact occurred.

3         On the issue of venue—and this alone—the Government need not prove venue beyond a

4    reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the

5    evidence" means more likely than not.  Thus, the Government, which does bear the burden of

6    proving venue, has satisfied that burden as to venue if you conclude that it is more likely than not

7    that some act or communication in furtherance of each charged offense occurred in the Southern

8    District of New York, and it was reasonably foreseeable to each Defendant that the act would so

9    occur.  If, on the other hand, you find that the Government has failed to prove the venue

10   requirement as to a particular offense, then you must acquit the Defendant of that offense, even if

11   all other elements of the offense are proven.

12

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                              Instruction No. 42: Variance in Dates

2          The Indictment alleges that certain conduct occurred on or about various dates or during

3   various time periods.  It is not necessary, however, for the Government to prove that any conduct

4   alleged occurred exactly on such dates or throughout any such time periods.  As long as the

5   conduct occurred around any dates or within any time periods the Indictment alleges it occurred,

6   that is sufficient.

7

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

| | |
|---|---|
| 1 | **GENERAL INSTRUCTIONS** |
| 2 | Instruction No. 43: Direct and Circumstantial Evidence |
| 3 | I turn now to some general instructions.  There are two types of evidence that you may |
| 4 | properly use in reaching your verdict.  One type of evidence is direct evidence.  One kind of |
| 5 | direct evidence is a witness's testimony about something the witness knows by virtue of her or |
| 6 | his own senses – something the witness has seen, felt, touched or heard.  Direct evidence may |
| 7 | also be in the form of exhibit. |
| 8 | The other type of evidence is circumstantial evidence.  Circumstantial evidence is |
| 9 | evidence that tends to prove one fact by proof of other facts.  There is a simple example of |
| 10 | circumstantial evidence that is often used in this courthouse. |
| 11 | Assume that when you came into the courthouse this morning the sun was shining and it |
| 12 | was a nice day.  Assume that there are blinds on the courtroom windows that are drawn and that |
| 13 | you cannot look outside.  As you are sitting here, someone walks in with an umbrella that is |
| 14 | dripping wet.  Some else then walks in with a raincoat that is also dripping wet. |
| 15 | Now, you cannot look outside the courtroom and you cannot see whether or not it is |
| 16 | raining.  So you have no direct evidence of that fact.  But on the combination of the facts that I |
| 17 | have asked you to assume, it would be reasonable and logical for you to conclude that between |
| 18 | the time you arrived at the courthouse and the time these people walked in, it had started to rain. |
| 19 | That is all there is to circumstance evidence.  You infer on the basis of reason and |
| 20 | experience and common sense from an established fact the existence or nonexistence of some |
| 21 | other fact. |

67

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1        Many facts, such as a person's state of mind, can only rarely be proved by direct

2    evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule

3    that the law makes no distinction between direct and circumstantial evidence, but simply requires

4    that before convicting the Defendant you, the jury, must be satisfied of the Defendant's guilty

5    beyond a reasonable doubt from all the evidence in the case.

6

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1           Instruction No. 44: Inferences

2           During the trial, and as I give you these instructions, you have heard and will hear the

3    term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer,

4    based on your reason, experience, and common sense, from one or more established facts, the

5    existence of some other fact.  I have instructed you on circumstantial evidence and that it

6    involves inferring a fact based on other facts, your reason, and common sense.

7           What is an "inference"?  What does it mean to "infer" something?  An inference is not a

8    suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists

9    based on another fact that you are satisfied exists.

10          There are times when different inferences may be drawn from facts, whether proven by

11   direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while

12   the Defense asks you to draw another.  It is for you, and you alone, to decide what inferences you

13   will draw.

14          The process of drawing inferences from facts in evidence is not a matter of guesswork or

15   speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not

16   required to draw from the facts that have been established by either direct or circumstantial

17   evidence.  In drawing inferences, you should exercise your common sense.

18          Therefore, while you are considering the evidence presented to you, you may draw, from

19   the facts that you find to be proven, such reasonable inferences as would be justified in light of

20   your experience.

21          Some inferences, however, are impermissible.  You may not infer that a Defendant is

22   guilty of participating in criminal conduct if you find merely that he was present at the time the

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    crime was being committed and had knowledge that it was being committed.  Nor may you use

2    evidence that I have instructed you was admitted for a limited purpose for any inference beyond

3    that limited purpose.

4        In addition, you may not infer that a Defendant is guilty of participating in criminal

5    conduct merely from the fact that he associated with other people who were guilty of

6    wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

7        Here again, let me remind you that, whether based upon direct or circumstantial evidence,

8    or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of

9    the guilt of each Defendant you are considering beyond a reasonable doubt before you may

10   convict that defendant of any of the crimes charged.

11

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1              <u>Instruction No. 45: Credibility of Witnesses</u>

2          You have had the opportunity to observe the witnesses.  It is your job to decide how

3    believable each witness was in his or her testimony.  You are the sole judges of the credibility of

4    the witnesses.  How do you evaluate the credibility or believability of the witnesses?  The answer

5    is that you use your common sense, judgment, and experience.  Common sense is your greatest

6    asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and

7    candid?  Or did the witness appear evasive, as though the witness was trying to hide something?

8    How responsive was the witness to the questions asked on direct examination and on cross-

9    examination?   Consider the witness's demeanor, manner of testifying, and accuracy of the

10   witness's recollection.  In addition, consider how well the witness recounted what was heard or

11   observed, as the witness may be honest but mistaken.

12          If you find that a witness is intentionally telling a falsehood that is always a matter of

13   importance that you should weigh carefully.  If you find that any witness has lied under oath at

14   this trial, you should view the testimony of such a witness cautiously and weigh it with great

15   care.  You may reject the entirety of the witness's testimony, part of it or none of it.  It is for you

16   to decide how much of a witness's testimony, if any, you wish to credit.   A witness may be

17   inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and

18   truthful in other respects.  It is for you to determine whether such untruths or inconsistencies are

19   significant or inconsequential, and whether to accept or reject all or to accept some and reject the

20   balance of the testimony of any witness.

21          In evaluating credibility of the witnesses, you should take into account any evidence that

22   the witness who testified may benefit in some way from the outcome of this case.  Such an

                                                   71

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1   interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a

2   way that advances his or her own interests.  Therefore, if you find that any witness whose

3   testimony you are considering may have an interest in the outcome of this trial, then you should

4   bear that factor in mind when evaluating the credibility of his or her testimony and accept it with

5   great care.  This is not to suggest that any witness who has an interest in the outcome of a case

6   would testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has

7   affected or colored his or her testimony.

8         You are not required to accept testimony even though the testimony is not contradicted

9   and the witness's testimony is not challenged.  You may decide because of the witness's bearing

10  or demeanor, or because of the inherent improbability of the testimony, or for other reasons

11  sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may

12  find, because of a witness's bearing and demeanor and based upon your consideration of all the

13  other evidence in the case, that the witness is truthful.

14        Thus, there is no magic formula by which you can evaluate testimony.  You bring to this

15  courtroom all your experience and common sense.  You determine for yourselves in many

16  circumstances the reliability of statements that are made by others to you and upon which you

17  are asked to rely and act.  You may use the same tests here that you use in your everyday lives.

18  You may consider the interest of any witness in the outcome of this case and any bias or

19  prejudice of any such witness, and this is true regardless of who called or questioned the witness.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1      <u>Instruction No. 46: Credibility of Witnesses: Impeachment by Prior Inconsistent Statement</u>

2          You have heard evidence that a witness made a statement on an earlier occasion which

3      counsel argues is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent

4      statement is not to be considered by you as affirmative evidence bearing on either Defendant's

5      guilt.  Evidence of the prior inconsistent statement was placed before you for the more limited

6      purpose of helping you decide whether to believe the trial testimony of the witness who

7      contradicted himself.  If you find that the witness made an earlier statement that conflicts with

8      his trial testimony, you may consider that fact in deciding how much of his trial testimony, if

9      any, to believe.

10          In making this determination, you may consider whether the witness purposely made a

11     false statement or whether it was an innocent mistake; whether the inconsistency concerns an

12     important fact or whether it had to do with a small detail; whether the witness had an explanation

13     for the inconsistency, and whether that explanation appealed to your common sense.

14          It is exclusively your duty, based on all of the evidence and your own good judgment, to

15     determine whether the prior statement was inconsistent, and if so how much, if any, weight to be

16     given to the inconsistent statement in determining whether to believe all or part of the witness'

17     testimony.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1 <u>Instruction No. 47: Defendants' Right Not to Testify</u>

2       One of the Defendants did not testify in this case. Under our Constitution, a defendant

3 has no obligation to testify or to present any evidence, because it is the Government's burden to

4 prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government

5 throughout the entire trial and never shifts to a defendant. A defendant is never required to prove

6 that he is innocent.  You may not attach any significance to the fact that the Defendants did not

7 testify.  No adverse inference against them may be drawn by you because they did not take the

8 witness stand.  In addition, even if one Defendant testifies, no adverse inference may be

9 considered against the other Defendant who did not testify. You may not consider this against the

10 Defendants in any way in your deliberations.

11

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                          Instruction No. 48: Defendants' Testimony

2           A defendant in a criminal case never has any duty to testify or come forward with any

3    evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt

4    remains on the Government at all times, and the defendant is presumed innocent. In this case,

5    however, a Defendant did testify and he was subject to cross-examination like any other witness.

6    You should, therefore, examine and evaluate the Defendant's testimony just as you would the

7    testimony of any other witness with an interest in the outcome of the case.

8

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          <u>Instruction No. 49: Law Enforcement Witnesses</u>

2          You have heard the testimony of law enforcement agents.  The fact that a witness may be

3     employed as a law enforcement official by the United States Government or by a foreign

4     government does not mean that his or her testimony deserves more or less consideration or

5     greater or lesser weight than that of an ordinary witness.

6          At the same time, it is legitimate for defense counsel to try to attack the credibility of a

7     law enforcement witness on the ground that their testimony may be colored by a personal or

8     professional interest in the outcome of the case.

9          It is your decision, after reviewing all the evidence, whether to accept the testimony of

10    the law enforcement or Government employee witness, as it is with every other type of witness,

11    and to give that testimony the weight that you find it deserves.

12

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1              Instruction No. 50: Accomplice/Cooperating Witness Testimony

2         You have heard from witnesses who testified that they committed certain of the crimes

3  charged in the Indictment or other crimes.  Some of these witness have testified under the terms

4  of a cooperation agreement or non-prosecution agreement. There has been a great deal said about

5  these so-called cooperating witnesses in the summations of counsel and whether or not you

6  should believe them. The law permits the use of testimony from such witnesses.  Indeed, such

7  testimony, if found truthful by, you may be sufficient in itself to warrant conviction if it

8  convinces you of the Defendant's guilt beyond a reasonable doubt. However, the law requires

9  that the testimony and motives of such witnesses be scrutinized with particular care and caution.

10  After carefully scrutinizing the testimony of such a witness, you may give that testimony as little

11  or as much weight as you deem appropriate. Cooperating witness testimony should be given such

12  weight as it deserves in light of the facts and circumstances before you, taking into account the

13  witness's demeanor, candor, the strength and accuracy of the witness's recollection, the

14  witness's background, the extent to which the testimony is or is not corroborated by other

15  evidence in the case, and the witness's personal interest in testifying.

16         I have given you some general considerations on credibility and I will not repeat them all

17  here.  Nor will I repeat all of the arguments made on both sides.  However, let me say a few

18  things that you may want to consider during your deliberations on the subject of accomplices.

19         In evaluating the testimony of a cooperating witness, you should ask yourselves whether

20  the witness would benefit more by lying, or by telling the truth. Was the witness's testimony

21  made up in any way because she believed or hoped that she would somehow receive favorable

22  treatment by testifying falsely? Or did she believe that her interests would be best served by

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1   testifying truthfully? If you believe that the witness was motivated by hopes of personal gain,

2   was the motivation one which would cause her to lie, or was it one which would cause her to tell

3   the truth? Did this motivation color her testimony?

4        As with any witness, if you find that the testimony was false, you should reject it.

5   However, if, after a cautious and careful examination of the cooperating witness's testimony and

6   demeanor upon the witness stand, you are satisfied that the witness told the truth, you should

7   accept it as credible and give the testimony whatever consideration you think it deserves.  As

8   with any witness, the issue of credibility need not be decided in an all-or-nothing fashion.  Even

9   if you find that a witness testified falsely in one part, you still may accept his or her testimony in

10  other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

11

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1          <u>Instruction No. 51: Opinion of Defendant's Character</u>

2          Defendant TREVON GROSS has called witnesses who have given their opinion of the

3    Defendant's character. This testimony is not to be taken by you as the witness's opinion as to

4    whether the Defendant is guilty or not guilty.  That question is for you alone to determine.  You

5    should, however, consider this character evidence together with all the other facts and all the other

6    evidence in the case in determining whether the Defendant is guilty or not guilty of the charge.

7    Evidence of good character may itself create a reasonable doubt where, without such evidence, no

8    reasonable doubt would have existed.

9          Accordingly,  if  after  considering  all  the  evidence,  including  testimony  about  the

10   Defendant's good character, you should find a reasonable doubt has been created, you must acquit

11   him of the charge.

12          On the other hand, if after considering all the evidence, including that of the Defendant's

13    character, you are satisfied beyond a reasonable doubt that the Defendant is guilty, you should

14    not acquit the Defendant merely because you believe him to be a person of good character.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                    <u>Instruction No. 52: Persons Not on Trial</u>

2              You may not draw any inference, favorable or unfavorable, towards the Government or

3    the Defendants, from the fact that certain persons were not tried as defendants in this case.   The

4    fact that these persons are not on trial here must play no part in your deliberations.

5

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1              <u>Instruction No. 53: Uncalled Witnesses Equally Available</u>

2              You have heard the names of several people during the course of the trial who did not

3     appear here to testify and one or more of the attorneys may have referred to their absence.  You

4     should not draw any inferences or reach any conclusions as to what these persons would have

5     testified to had they been called.  Their absence should not affect your judgment in any way.

6     Remember my instruction, however, that the law imposes no duty on the defendant in a criminal

7     case to call any witnesses or produce any evidence.

8

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                    Instruction No. 54: Preparation of Witnesses

2          You have heard evidence during the trial that witnesses have discussed the facts of the

3    case and their testimony with the Government lawyers, the defense lawyers, or their own lawyers

4    before the witnesses appeared in court.

5          Although you may consider that fact when you are evaluating a witness's credibility, I

6    instruct you that there is nothing either unusual or inherently improper about a witness meeting

7    with the Government lawyers, the defense lawyers, or his or her own lawyers before testifying so

8    that the witness can be aware of the subjects he or she will be questioned about, focus on those

9    subjects, and have the opportunity to review relevant exhibits before being questioned about

10   them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be

11   unusual for a lawyer to call a witness without such consultations.

12         Again, the weight you give to the fact or the nature of the witness's preparation for his or

13   her testimony and what inferences you draw from such preparation are matters completely within

14   your discretion.

15

82

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1 <u>Instruction No. 55: Investigative Techniques</u>

2     You have heard reference through the questioning to the fact that certain investigative

3 techniques were used or not used by the Government.  There is no legal requirement, however,

4 that the Government prove its case through any particular means.  Your concern is to determine

5 whether, on the evidence or lack of evidence, the Defendants' guilt has been proven beyond a

6 reasonable doubt.

7

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                    Instruction No. 56: Use of Electronic Communications

2           Some of the evidence in this case has consisted of electronic communications seized from

3    computers or electronic accounts.  There is nothing illegal about the Government's use of such

4    electronic communications in this case and you may consider them along with all the other

5    evidence in the case.  Whether you approve or disapprove of the seizure of these

6    communications may not enter your deliberations.

7           You may, therefore, regardless of any personal opinions, consider this evidence along

8    with all the other evidence in the case in determining whether the Government has proved

9    beyond a reasonable doubt the guilt of the Defendants.  However, as with the other evidence, it is

10   for you to determine what weight, if any, to give such evidence.

11

84

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                <u>Instruction No. 57: Violation of NCUA Law or Regulations Not a Crime</u>

2       During the trial, you heard evidence about certain provisions of the Federal Credit Union

3 Act and National Credit Union Administration regulations, including those relating to field of

4 membership, the duties and responsibilities of a credit union's board of directors, and reports that

5 are submitted to the National Credit Union Administration.

6       I instruct you that a violation of any of these laws or regulations, should you find any to

7 have occurred, is not a crime in and of itself. In other words, the Defendants are not charged with

8 criminal violations of the Federal Credit Union Act or the National Credit Union Administration

9 regulations, and you cannot find either Defendant guilty based solely upon a violation of the

10 Federal Credit Union Act or the National Credit Union Administration regulations.  You may,

11 however, consider any evidence about any violations of the Federal Credit Union Act or National

12 Credit Union Administration regulations as you would any other evidence in the case.

13
14

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                         Instruction No. 58: Use of Evidence From Searches

2              You have heard testimony about evidence seized in connection with certain searches

3     conducted by law enforcement officers.  Evidence obtained from these searches was properly

4     admitted in this case, and may be properly considered by you.  Such searches were appropriate

5     law enforcement actions.  Whether you approve or disapprove of how the evidence was obtained

6     should not enter into your deliberations, because I instruct you that the Government's use of the

7     evidence is entirely lawful.  You must, therefore, regardless of your personal opinions, give this

8     evidence full consideration along with all the other evidence in the case in determining whether

9     the Government has proven each Defendant's guilt beyond a reasonable doubt.  As with all

10    evidence, it is for you to determine what weight, if any, to give such evidence.

11

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                          Instruction No. 59: Recordings/Transcripts

2              In connection with the recordings that were introduced into evidence during the trial, you

3    were provided with transcripts of the conversations to assist you while listening to the

4    recordings.  I instructed you during the trial, and I remind you now, that the transcripts are not

5    evidence.  The transcripts were provided only as an aid to you in listening to the recordings.  It is

6    for you to decide whether the transcripts correctly present the conversations recorded on the

7    recordings that you heard.  If you wish to hear any of the recordings again, or see any of the

8    transcripts, they will be made available to you during your deliberations.

9

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                          <u>Instruction No. 60: Stipulations</u>

2          You have heard some evidence in the form of what are called "stipulations."  A

3    stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard

4    such agreed facts as true.

5          A stipulation of testimony is an agreement among the parties that, if called, a witness

6    would have given certain testimony.  You must accept as true the fact that the witness would

7    have given the testimony.  However, it is for you to determine the effect or weight to give that

8    testimony.

9

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1              <u>Instruction No. 61: Summary Exhibits</u>

2          Some of the exhibits presented in this case were charts, tables, or other forms of summary

3   exhibits.  These exhibits are not direct evidence.  They are graphic representations or other ways

4   of summarizing more voluminous information that was either described in the testimony of a

5   witness or reflected in documents admitted into evidence.  It is often easier and more convenient

6   to use charts, tables, and summaries as opposed to placing all of the underlying documents in

7   front of you.  But it is up to you to decide whether the summary exhibits fairly and correctly

8   reflect the underlying testimony and documents they purport to summarize.  To the extent that

9   the summary exhibits conform to your understanding of the underlying evidence, you may accept

10  them.  To the extent they do not, you should set them aside and rely on the underlying evidence

11  instead.  But one way or the other, realize that the summary exhibits are not in and of themselves

12  direct evidence.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                      Instruction No. 62: Excerpts and Redactions

2          Some of the exhibits admitted into evidence consist of excerpts of longer documents that

3   were not admitted into evidence in their entirety.  There is nothing unusual or improper about the

4   use of such excerpts, and you are not to speculate from the use of such excerpts that any relevant

5   portion of a document has been omitted.

6          Similarly, some of the exhibits admitted into evidence include redactions of certain

7   information.  Again, there is nothing unusual or improper about such redactions, and you are not

8   to speculate from the use of such redactions that any relevant portion of a document has been

9   removed.

90

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1                           Instruction No. 63: Punishment

2          The question of possible punishment of the Defendants is of no concern to you, the

3    members of the jury, and should not, in any sense, enter into or influence your deliberations.

4    The duty of imposing sentence rests exclusively upon the Court.

5          Your function is to weigh the evidence in the case and to determine whether or not the

6    Government has proved that the Defendants are guilty beyond a reasonable doubt, solely upon

7    the basis of such evidence.

8

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    Instruction No. 64: Right to Hear Testimony; Election of Foreperson; Communications with the
2                                          Court; Juror Note-Taking

3         You are about to go into the jury room and begin your deliberations.  The documentary

4    evidence will be sent back with you.  If you want any of the testimony read to you, that can be

5    arranged. But please remember that it is not always easy to locate what you might want, so be

6    as specific as you possibly can in requesting portions of the testimony that you might want.

7         Your first task as a jury will be to choose your foreperson.  The foreperson has no greater

8    voice or authority than any other juror, but is the person who will communicate with the Court

9    through written note when questions arise and to indicate when you have reached your verdict.

10        Your requests for testimony—in fact, any communications with the Court— should be

11   made to me in writing, signed by your foreperson, and given to one of the Marshals. I will

12   respond to any questions or requests you have as promptly as possible, either in writing or by

13   having you return to the courtroom so I can speak with you in person.  In any communication,

14   please do not tell me or anyone else how the jury stands on the issue of the jury's verdict until

15   after a unanimous verdict is reached.

16        For those of you who took notes during the course of the trial, you should not show your

17   notes to or discuss your notes with any other juror during your deliberations.  Any notes you

18   have taken are to assist you and you alone.  The fact that a particular juror has taken notes

19   entitles that juror's views to no greater weight than those of any other juror.

20        Finally, your notes are not to substitute for your recollection of the evidence in this case.

21   If you have any doubt as to any testimony, you may request that the official trial transcript that

22   has been made of these proceedings be read or otherwise provided to you.

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1            **Instruction No. 65: CONCLUDING REMARKS**

2            The most important part of this case, members of the jury, is the part that you as jurors are

3    now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to weigh

4    the evidence in this case and determine whether the Government has proved beyond a reasonable

5    doubt each of the essential elements of the crime with which each Defendant is charged.  If the

6    Government has succeeded, your verdict should be guilty as to that Defendant and that charge; if

7    it has failed, your verdict should be not guilty as to that Defendant and that charge.

8            You must base your verdict solely on the evidence or lack of evidence and these

9    instructions as to the law, and you are obliged under your oath as jurors to follow the law as I

10    have instructed you, whether you agree or disagree with the particular law in question.

11            Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided

12    solely be the evidence presented during the trial and the law as I gave it to you, without regard to

13    the consequences of your decision.  You have been chosen to try the issues of fact and reach a

14    verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your

15    clear thinking, there is a risk that you will not arrive at a just verdict.

16            As you deliberate, please listen to the opinions of your fellow jurors, and ask for an

17    opportunity to express your own views.  Every juror should be heard.  No one juror should hold

18    center stage in the jury room and no one juror should control or monopolize the deliberations.  If,

19    after listening to your fellow jurors and if, after stating your own view, you become convinced

20    that your view is wrong, do not hesitate because of stubbornness or pride to change your view.

21    On the other hand, do not surrender your honest convictions and beliefs solely because of the

*United States v. Lebedev & Gross* (15-cr-769)
Jury Instructions, March 7, 2017, V.7

1    opinions of your fellow jurors or because you are outnumbered.  Your final vote must reflect

2    your conscientious belief as to how the issues should be decided.

3         Thus, the verdict must represent the considered judgment of each juror.  In order to return

4    a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

5         If at any time you are divided, do not report how the vote stands, and if you have reached

6    a verdict, do not report what it is until you are asked in open court.

7         Finally, I say this not because I think it is necessary, but because it is the custom in this

8    courthouse to say this:  You should treat each other with courtesy and respect during your

9    deliberations.

10        In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your

11   fellow jurors, and if you apply your own common sense, you will deliberate fairly.

12        Members of the jury, I ask your patience for a few minutes longer.  It is necessary for me

13   to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain

14   patiently in the jury box, without speaking to each other, and we will return in just a moment to

15   submit the case to you.  Thank you.