1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4              v.                              15 Cr. 769 (AJN)

5   YURI LEBEDEV and TREVON GROSS,

6              Defendants.                     Jury Trial

7   ------------------------------x

8                                              New York, N.Y.
                                               March 17, 2017
9                                              9:38 a.m.

10

    Before:
11
                        HON. ALISON J. NATHAN,
12
                                               District Judge
13                                             And A Jury

14                            APPEARANCES

15  PREET BHARARA
         United States Attorney for the
16       Southern District of New York
    BY:  EUN YOUNG CHOI
17       WON S. SHIN
         Assistant United States Attorneys
18       MICHAEL CHANG-FRIEDEN, Paralegal
         EMILY GRANT, Paralegal
19
    CREIZMAN, PLLC
20       Attorneys for Defendant Yuri Lebedev
    BY:  ERIC M. CREIZMAN
21       MELISSA MADRIGAL
         JONATHAN MICHAELSON, Paralegal
22
    KROVATIN KLINGEMAN, LLC
23       Attorneys for Defendant Trevon Gross
    BY:  KRISTEN M. SANTILLO
24  BY:  HENRY E. KLINGEMAN

25

 1                THE COURT:  I have a bit of a struggle with talking

 2     because of Novocaine.  Forgive me.

 3                I'm going to let you do most of it.  Go ahead,

 4     Mr. Shin.

 5                MR. SHIN:  Yes, your Honor.  Just for the record, the

 6     government submitted a request last night by email to your

 7     Honor's chambers in which we flagged a potential scheduling

 8     issue, and so we recalled that during voir dire, the juror who

 9     was subsequently seated as juror number 2, she had raised a

10     concern that on Monday, March 20th, which is this coming

11     Monday, she had a work exam scheduled, and she --

12                THE COURT:  Let me pause you.

13                Mr. Creizman, Mr. Lebedev's not here.

14                MR. CREIZMAN:  Yes.  I'm waiving his appearance with

15     his permission.  He emailed me from the -- he said he was on a

16     train, that he was a passenger, he's on his way, and he says

17     he'll be here shortly.  But I told him about the nature of this

18     particular conference, the issue that's being raised, and he

19     agrees to waive his appearance.

20                THE COURT:  All right, thank you.  Go ahead.

21                MR. SHIN:  And so the juror stated at the time that

22     she might be able to move it, but she didn't know.  We also

23     recalled that your Honor, toward the end of the trial,

24     mentioned during one of our breaks that there were a number of

25     potential juror issues that could come up in the near future,

1   and your Honor cited one of the juror's exams as one of those.

2   Given that we're here on Friday, and the exam as originally

3   stated would begin on Monday, we thought it would be prudent

4   for the Court to inquire with that juror, first, whether she is

5   still in fact scheduled to take the exam on Monday, and perhaps

6   your Honor could also inquire as to when in the day it is, how

7   long it might take, whether she thinks she would be in a

8   position where, if it was early enough in the day, she could

9   deliberate in the afternoon or whether she needs to get her

10  head together and come back the next day.

11          In any event, based on that information, if she is in

12  fact still taking the exam on Monday, the government submits

13  that it would make sense to, one, go ahead and make a decision

14  as to what to do about Monday.  The government proposes that if

15  she is taking the exam, the jury should be given a break or

16  some or all of Monday to accommodate that juror, and if we were

17  to make that decision, for the jury to be informed of that as

18  early as possible today.  Our thinking on that in terms of

19  informing the juror, to relieve pressure that juror might feel

20  about needing to get things done before the exam on Monday, and

21  also it would permit the other jurors to make plans in the

22  event that they were not to sit on Monday, they could maybe go

23  in, catch up on work or not have to call in a babysitter,

24  et cetera.  This may all be moot if she did in fact move her

25  exam, but we thought the best first step was to inquire with

 1    that juror.

 2         THE COURT:  There is the related issue of juror number

 3    5 who, as you well recall, indicated over the snow day by

 4    email, and I conveyed, that she has tickets to chaperone the

 5    school trip leaving Sunday for eight days.  I haven't

 6    communicated anything further with her.  She was leaving last

 7    night and she said to Ms. Nuñez something along the lines of "I

 8    just want to make sure it's clear again, if we're not finished,

 9    I have these tickets".  So I think for similar reasons we need

10    to have a strategy with respect to at least those two jurors,

11    and then I think assessing what other steps we might need to

12    take.

13         MR. SHIN:  Right, your Honor.  So we're aware of that

14    issue as well.  I think those two conflicts, they are different

15    of course in terms of one being, I assume, most of the day an

16    exam, and the other being eight days, your Honor.  So our

17    thinking was that at least for the Monday issue with juror

18    number 2, that again, given that that's coming up on Monday and

19    it would be a relatively short break if in the end it's needed,

20    but that's something that we could decide sooner rather than

21    later and let the jury know.

22         Juror number 5, I mean, given that it's eight days, I

23    think we would all agree that that juror should be excused if

24    deliberations were to stretch past Sunday and she would be

25    unavailable.  Of course, your Honor would then have two

 1     options.  One is to -- I guess there would be three options.

 2     One is to seat an alternate under Rule 24, the second is if the

 3     parties consent to go to 11, and the third is, even without the

 4     parties' consent, the Court could order the jury to go to 11

 5     based on a good cause excusal of that juror.  That decision, I

 6     think, is a more momentous sort of decision than simply taking

 7     a break for a day with juror number 2, so our thought was with

 8     number 5, in terms of what to do about that, in terms of

 9     seating an alternate versus going to 11, that's something

10     perhaps -- we're happy to talk about it, but maybe that

11     decision could wait until we actually find out whether it's

12     needed by the end of the day.

13             THE COURT:  My point is that nothing's been

14     communicated to her.

15             MR. SHIN:  To that juror?

16             THE COURT:  Yes.

17             MR. SHIN:  Right.

18             THE COURT:  So she doesn't know what will happen come

19     Sunday --

20             MR. SHIN:  Right.

21             THE COURT:  -- if they're not done.

22             MR. SHIN:  Right.

23             THE COURT:  Mr. Klingeman.

24             MR. KLINGEMAN:  Your Honor, I would suggest we do the

25     following in the following order:

1          I think it would be appropriate to have the court

2    staff notify one or more alternates that they may be needed

3    Monday, and to please make themselves available as a

4    consequence.  Two, I think we should allow the deliberations to

5    continue at least through the morning.  It's apparent that the

6    jury is working, there's no sign of anything other than an

7    orderly deliberation, and I would counsel against making

8    inquiry about any of these issues for the next couple of hours.

9          Obviously, as we get towards the middle to end of the

10   day and it becomes more likely, or at least more plausible that

11   the jury may not reach a conclusion today, then I think we

12   should make some decisions.

13         Obviously, I agree that juror number 5 would have to

14   be excused.  She is simply unavailable past today.  As to juror

15   number 2, the jurors with respect to individual personal issues

16   and conflicts have not been shy about letting us know, and

17   we're talking about, of course, the foreperson who has been in

18   direct communication with the Court

19         THE COURT:  Good morning, Mr. Lebedev.

20         MR. KLINGEMAN:  So I'm confident that she's aware of

21   her schedule and her ability to advise us to that.  In terms of

22   her potential unavailability on Monday, since we would, I would

23   hope, be seating an alternate for number 5 anyway, and your

24   Honor would be advising the jury to start its deliberations

25   anew, so to speak, I see no reason not to consider seating

1    another alternate for juror number 2.

2         THE COURT:  I'll just pause you on my thinking on the

3    alternate.  I don't think we can make that assessment until we

4    know the broader landscape of the other jurors.  Because if

5    seating an alternate and starting over will quickly lead into

6    multiple jurors needing to be excused, then we are in good

7    cause territory for proceeding to 11.

8         MR. KLINGEMAN:  Which is why I do suggest we wait at

9    least a few hours to see what shakes out today before we open

10   that Pandora's box by voir diring one or more of the jurors

11   about next week.

12        THE COURT:  Mr. Creizman.

13        MR. CREIZMAN:  I could not have said it any better

14   than Mr. Klingeman did, that he expressed my position fully.

15        THE COURT:  Okay.

16        MR. CREIZMAN:  Thank you.

17        MR. SHIN:  Your Honor, I just don't see any harm in

18   trying to get the information from the jurors as early as

19   possible today so that your Honor and the parties could assess

20   what we should do in light of the various circumstances at

21   play.  It would also -- to the extent we make a decision

22   earlier in the day about, for example, the government's

23   proposal regarding taking a break on Monday for juror number 2,

24   it would allow the Court, if we were to go down that road, to

25   communicate that to the jury and allow them to start making

4350

1    arrangements, for example, if they were to take a very brief --

2    I think they were deliberating over lunch, but if they were to

3    take a short break over lunch, it would allow them to make

4    whatever arrangements might be needed for Monday.  Again, just

5    as a courtesy and consistent with what we've done previously in

6    terms of inquiring as early as possible and trying to be

7    courteous to their schedules, as well, in terms of giving them

8    advanced notice.

9          THE COURT:  I guess a couple of things.  The pattern

10   that I've tried to adopt, and I recognize you had wanted to

11   raise this before the jurors came in, but is not to interrupt

12   the deliberations if at all possible, so taking the opportunity

13   of either following a note or when their lunch is being brought

14   in as a moment to speak to any of them as needed.

15          Number 2, it's a little bit more than a short break if

16   you think about enabling them to make plans for Monday.  So

17   there would be a break in assessing the juror's exam situation,

18   then we'd have to reconvene and discuss and agree upon a plan,

19   then if we were to give the jurors a break at that point, it

20   would need to be long enough for them to go downstairs, get

21   their phones and the like, make calls.  And my concern is, the

22   more we do that, the less time they have today to deliberate

23   and the more time they have today to deliberate, the more

24   likely we'll get to a conclusion, or at least one can't know

25   for sure, but more time to deliberate by its nature means more

1        time to come to some determination.

2             MR. SHIN:  You've convinced me, your Honor.

3             THE COURT:  I'm amazed you could understand me.

4             MR. SHIN:  I was able to understand you.  As long as

5        the inquiry is made at some point today, I think your Honor's

6        proposal for addressing it as lunch is brought in is sensible.

7        But as long as the inquiry is made so we have the relevant

8        facts, that's the more important point.  And I think on that,

9        we're all in agreement.

10            THE COURT:  If we bring them in as their lunch is

11       being brought in, I'm open to suggestions.  My basic thinking

12       would be juror number 5 has inquired, so my inclination would

13       be to meet with her, make clear I don't want to hear anything

14       about her deliberations or the thought process or the like, let

15       her know that if the process is not complete by Friday -- and I

16       suppose we can bracket for a moment whether or not using

17       tomorrow is an option, but let's -- so for now, I'll say if the

18       process is not complete by Sunday, I want her to know that

19       she'll be able to go on her trip.

20            My thinking is to leave it at that, no further

21       explanation one way or the other, because I don't know yet as

22       to how we'll proceed, but at least that takes any wonder she

23       has as to her own fate come Sunday off the table.

24            Then I think, and maybe this would be in the reverse

25       order, I would bring in the jury, let them know that juror

1   number 5 has indicated that she wants to raise a scheduling

2   concern and indicate that I'll meet with her, and then say

3   something along the lines that involves next week, and then say

4   something along the lines, of course, if anyone else has any

5   immovable conflicts, to the extent that the process is not

6   complete today, they should communicate that to Ms. Nuñez so

7   that I can address it.  Ms. Nuñez can then walk them back

8   toward the jury room, and any of them could approach her with

9   any issues to take up.  That, I think, balances Mr. Klingeman

10  and Mr. Creizman's concern about not overly planting a seed,

11  not stepping on the toes of deliberations today, but making

12  clear that there is an outlet available to communicate, which I

13  think they know and it's been exercised by a few as to that.

14          I guess my thinking is, juror number 2, and you're

15  right, there had been the express concern about an exam toward

16  the end of the trial when a few jurors indicated issues, which

17  we addressed, and I think it was also phrased as needing to

18  study for the exam and the like.  So I guess my feeling is that

19  that would provide a clear window for letting Ms. Nuñez know.

20          As they're going back, I would take juror number 5

21  into the robing room and proceed as I indicated.

22          MR. KLINGEMAN:  I totally agree.  I just wanted to

23  repeat my request that we notify the alternates.  Looking ahead

24  to the issue of whether we go to 11, I would -- I can tell you

25  I'm going to ask the Court not to exercise any discretion in

1   that regard unless and until we exhaust our opportunity to use

2   the four alternates, none of whom have been substituted to this

3   point.

4           THE COURT:  You'll certainly have the opportunity, but

5   I don't think you have the information now to make such a

6   request because if starting the process over -- if four or five

7   jurors tell us that they turn into pumpkins come Monday,

8   Tuesday, Wednesday, Thursday of next week --

9           MR. KLINGEMAN:  I couldn't agree more.  I'm more

10  worried about the alternates turning into pumpkins between now

11  and then, as we had a problem with alternate number 1 earlier

12  this week.

13          THE COURT:  The proposal would be to have Ms. Nuñez

14  contact all four alternates and indicate there's a possibility

15  they'll be needed Monday, and to inquire as to any conflicts

16  with that.

17          I'll just say, too, I don't think we can make any -- I

18  can't make any assessment, but as a background piece, when I

19  think about deliberations that have gone on for a week, this is

20  a jury that, again, was told that this would be a three to

21  four-week trial, and they're already at the end of week five,

22  and so that will be a factor in my consideration as to good

23  cause, as we learn what other potential scheduling issues or

24  not there are.

25          Mr. Shin.

1          MR. SHIN:  Just on the alternates, your Honor.  The

2     government agrees with your Honor that it's too early to know

3     whether we're going to need to call any of them in on Monday.

4     And again, given the number of jurors who may raise issues when

5     the Court makes that available for them after calling them in,

6     and also given that we don't know whether your Honor might

7     choose to go to 11 versus seat an alternate, so we would just

8     be -- I think we'd be opposed to calling anyone in at this

9     point until we have more information.

10         THE COURT:  Why not take the prophylactic step?  It

11    doesn't cut off any options.

12         MR. SHIN:  I'm sorry.  The prophylactic step would be

13    to contact them?

14         THE COURT:  Alert them, as we did with the two over

15    the snow day, there's a possibility that their presence will be

16    needed come Monday to find out if there are any -- have

17    Ms. Nuñez just alert them to that, make sure we have contact

18    information, and have her inquire if there are any unmovable

19    conflicts that would interfere with their being summoned back

20    come Monday.

21         MR. SHIN:  That limited step seems fine to the

22    alerting function and to inquire whether they have any

23    conflicts.  I think we would just be opposed at this point to

24    actually having them called in until we know more.  But I think

25    what your Honor proposed, the limited contact as a prophylactic

1    measure, seems fine.

2              THE COURT:  That's what you're seeking, Mr. Klingeman?

3              MR. KLINGEMAN:  Exactly.

4              THE COURT:  Great.  We're in vigorous agreement.  Let

5    me just repeat the plan.

6              If we don't have a decision by the lunch break, when

7    the lunch arrives, before it's brought in, we'll bring them

8    out, I'll indicate that juror number 5 has communicated to

9    Ms. Nuñez an upcoming conflict beginning next week if the

10   process is not complete by the end of the day today, and

11   indicate that I'll speak to that juror in the robing room and

12   ask the other jurors to enjoy their lunch but pause

13   deliberations until that juror returns.

14             I'll say also, if the process is not complete by the

15   end of the day, if there are other jurors that foresee

16   immovable conflicts as to next week, they should alert

17   Ms. Nuñez on the way back to the jury room, give her a brief

18   description, and then I'll be able to address the issue.  That

19   is the plan.

20             There is the alerting the alternate jurors as to the

21   possibility they might be needed starting Monday and getting a

22   read on their availability.

23             To follow through with respect to juror number 5, I

24   would take her into the robing room with the court reporter,

25   warn her about no discussions regarding deliberations, make the

1    inquiry which is what's only been communicated through

2    Ms. Nuñez at this point, but make the inquiry as to the

3    upcoming conflict and then simply let her know that if the

4    process is not complete, she will be able to travel as planned.

5         MR. SHIN:  That sounds fine, your Honor.  Just one --

6    your Honor raised the issue of Saturday, tomorrow.

7         THE COURT:  Yes.

8         MR. SHIN:  I don't think we have this fully thought

9    out, but the question is, when your Honor has them in to

10   provide this information over the lunch break, would it make

11   sense at that point to remind them of the possibility of

12   staying late today and even deliberating tomorrow if -- again,

13   if they're available and if they agree and, obviously, if they

14   haven't reached a decision by then, just because it may not be

15   immediately obvious to them that that's an option, and given

16   that --

17        THE COURT:  It's not yet immediately obvious to me

18   that it's an option.

19        MR. SHIN:  I wanted to raise that for discussion given

20   that if that is something we would want to alert them about,

21   the lunch break might be the natural time to do it.  So I just

22   wanted to flag that for your Honor, and I guess open it up for

23   discussion.

24        THE COURT:  Right.

25        MR. CREIZMAN:  Your Honor, I can't say I'm the most

1    observant Jewish person, but I don't roll on Saturdays, as the

2    Big Lebowski says.  I don't work on the Saturdays.

3         THE COURT:  Okay.  I suppose that still leaves the

4    request of whether Ms. Madrigal can be here.

5         MR. CREIZMAN:  Right.  I'm sure Ms. Madrigal could be

6    here, but wouldn't everyone miss me is what I'm thinking?

7         THE COURT:  The Novocaine prevents me from responding.

8         I think we might run into all kinds of scheduling

9    issues.

10         MR. KLINGEMAN:  In addition, your Honor, I just looked

11    at the weather forecast, and we may get more snow tomorrow.

12    There's that to think about.

13         MR. SHIN:  Your Honor, if you left it kind of

14    open-ended, if you reminded them that it's up to them whether

15    they want to stay late today, and it's also up to them whether,

16    if they're not complete by whenever they decide to finish

17    today, tomorrow is a possibility.  It's among themselves.  If

18    they go back and someone has a conflict and can't do it, then

19    that will just be off the table and it'll be resolved.  But if

20    by some miracle the 12 of them would be available and would

21    want to do it so as to have juror number 5 participate before

22    she leaves and they feel that they might reach a conclusion,

23    seems sensible to give them that option.

24         THE COURT:  Yes.

25         (Note received from jury)

1            THE COURT:  It's just the lunch order.

2            My law clerk is proving his versatility and sending me

3      a weather forecast.

4            I suppose a soft version is something along the lines

5      of what Mr. Shin suggested, remind them, as with the other

6      days, if the process is not complete by the end of the day,

7      it's up to them as to when they stop, whether it's 5:00, or if

8      proceeding beyond 5:00 is what they wish they should simply let

9      us know.  I could plant the seed, too, that it is up to them,

10     if whatever time they decided they need to stop, if they would

11     deem it possible and helpful to them to have time tomorrow,

12     that, too, could be arranged and they should simply let the

13     Court know through note, as they have with end of the day time.

14           MR. SHIN:  That sounds.  Many leaves it essentially in

15     their hands.

16           MR. KLINGEMAN:  I agree, your Honor.  And just so you

17     know where we're coming from, we want to keep the deliberations

18     going so --

19           THE COURT:  I know.  Yes.  And of course, it's just --

20     we all want to -- it's that balance between giving them options

21     and making sure there are no expectations as to the amount of

22     time it takes, nor obstacles to their continuing their

23     deliberations if that's what they choose.

24           I think we have our plan.  I think we'll stick to that

25     as the timing plan even if we were to get a note.  I just think

1    the lunch break is a good opportunity, to the extent it will

2    also require separate inquiry and the like.

3            Anything else, folks?

4            MR. SHIN:  Just when would you like us back for the

5    lunch break, your Honor?  I'm not sure when the lunch break is.

6            THE COURT:  That usually comes around 12:30, so why

7    don't we say 12:15.

8            MR. SHIN:  Thank you.

9            MR. KLINGEMAN:  Thank you.

10           THE COURT:  Thank you.  We'll wait to hear from them.

11           (Recess)

12           THE COURT:  The jury has reached its verdict.  We'll

13   bring them in.  Anything to take up?

14           MS. CHOI:  No, your Honor.

15           MR. KLINGEMAN:  No.

16           THE COURT:  We'll indicate Court Exhibit 9,

17   indicating, "We, the jury, have reached a verdict."

18           I will poll.

19           MR. KLINGEMAN:  Thank you.

20           (Jury present)

21           THE COURT:  I'll ask the foreperson, has the jury

22   reached its verdict?

23           FOREPERSON:  Yes, your Honor.

24           THE COURT:  I'll ask you to please hand the verdict

25   form to my deputy so that it may be passed to me.

1          Ladies and gentlemen of the jury, I am about to read

2     the verdict.  After I do so, I will ask each of you, "Is this

3     your verdict?"

4          Verdict form:

5          Count Number One, Yuri Lebedev, guilty.  Trevon Gross,

6     guilty.

7          Count Two, Yuri Lebedev, guilty.

8          Count Three, Trevon Gross, guilty.

9          Count Four, Yuri Lebedev, guilty.

10         Count Five, Yuri Lebedev, guilty.

11         Count Six, Yuri Lebedev, guilty.

12         (Jury polled; each juror answered in the affirmative)

13         THE COURT:  The jury is unanimous.

14         Counsel, is there any reason that I cannot dismiss

15    this jury?

16         MR. KLINGEMAN:  No, your Honor.

17         MS. CHOI:  No, your Honor.

18         MR. CREIZMAN:  No, your Honor.

19         THE COURT:  Ladies and gentlemen of the jury, I will

20    now dismiss you from your jury service in this matter.  After

21    you leave, you are free to discuss this case if you like, or

22    not discuss this case if that's what you'd like.  If you do

23    discuss the case with anyone, I ask that you please share only

24    your views and that you respect the privacy of the deliberation

25    process.  Please do not share the views of any other jurors.

 1           Let me say my sincere thanks on behalf of myself, on

 2     behalf of the Court, the parties for your attention, time, and

 3     service.

 4           I'll dismiss you to return to the jury room to get

 5     your things and be on your way.  I'll tell you that if you'd

 6     like to stay for a few moments, I'll come to the jury room in a

 7     few moments to thank each of you for your service.  But again,

 8     you're absolutely free to go as you like, but if you'd like to

 9     stay for a few moments, I'll be down in the jury room shortly.

10           Once again, I am deeply grateful for your service.

11     You are dismissed.  Thank you.

12           (Jury dismissed)

13           THE COURT:  The jury verdict form, the completed form

14     will be marked as Court Exhibit 10.

15           Counsel.

16           MR. SHIN:  Your Honor, the government has an

17     application on bail as to each defendant, if your Honor would

18     like to take that up at this time.

19           THE COURT:  Go ahead.

20           MR. SHIN:  We're not seeking to remand either

21     defendant at this time, your Honor, but in light of the

22     shifting standard that applies post conviction, the government

23     is seeking an increase -- a modification in the bail terms for

24     each of the defendants.

25           My recollection is that Defendant Lebedev is out on a

1    $25,000 bond with -- my memory fails me as to whether it's one

2    or two cosigners.  We would seek at this time that

3    Mr. Lebedev's bond be increased to $250,000 with three

4    financially responsible persons cosigning.

5           As to Mr. Gross, my recollection is that his bond is

6    $100,000, again, with either one -- I believe it's one

7    cosigner.  The government would seek at this time a $500,000

8    bond for Mr. Gross with three financially responsible persons.

9           The basis for our differential request as between the

10   two defendants is principally based on Defendant Gross' greater

11   role in the crime, as well as his obstructive conduct in the

12   case, and his, what the government will argue at sentencing,

13   was perjury during his testimony, and so we would ask for an

14   increase in those respective bail conditions.

15          We would also ask for Mr. Gross that there be a bail

16   condition that any access that he may have to the Hope

17   Cathedral financial accounts be terminated in some way.  As

18   your Honor heard during the trial, there was evidence that the

19   government offered regarding his access to the accounts and his

20   use of the accounts essentially for his personal use, taking

21   funds, writing checks to himself, his personal use of the

22   accounts, and in light of that, the government would request

23   that any access to those accounts be terminated as a condition

24   of his bail.

25          THE COURT:  What's the government's position with

 1    respect to time to satisfy, if I grant such a request?

 2            MR. SHIN:  Typically, for those sorts of things,

 3    typically the magistrate judges give a week to satisfy

 4    conditions like these, and so we would propose one week, your

 5    Honor.

 6            THE COURT:  All right.

 7            Mr. Creizman.

 8            MR. CREIZMAN:  Yes, your Honor.  Mr. Lebedev's bond is

 9    signed by his wife and his mother and him, obviously.  I

10    understand the government's application for an increased

11    amount, but I don't believe that such a significant increase is

12    warranted, or any increase in the number of cosigners.

13    Mr. Lebedev has completely complied with all of his pretrial

14    obligations, and he's shown up to court every day.  He's

15    appeared for everything.

16            THE COURT:  Here's what I -- I think what I'd like to

17    do is to get -- since the government is agreeing to a week

18    before any changes are made, I'm going to take a brief written

19    submission on this and give folks time to think about it and

20    know what's available, and I want to think about it and also

21    confirm with probation that all conditions have been met and

22    the like.

23            The government's submission I'll ask by the end of the

24    day today, and Monday for the defendants'.

25            MR. CREIZMAN:  Monday.

```
 1                  THE COURT:  Okay.  Mr. Klingeman.

 2                  MR. KLINGEMAN:  Thank you.

 3                  THE COURT:  All right.  Go ahead.

 4                  MR. CREIZMAN:  I'm sorry.  Is the government going to

 5    put in its application first?

 6                  THE COURT:  Yes.

 7                  MR. CREIZMAN:  Okay, fine.

 8                  THE COURT:  End of day today for the government.

 9                  MR. CREIZMAN:  I see.

10                  THE COURT:  Monday for the defendants, end of the day

11    Monday.

12                  MR. CREIZMAN:  I understand.

13                  THE COURT:  Other matters?

14                  MR. KLINGEMAN:  No, your Honor.

15                  THE COURT:  Okay.

16                  MS. CHOI:  No, thank you, your Honor.

17                  THE COURT:  Why don't you confer on scheduling.  Go

18    ahead.

19                  MR. CREIZMAN:  No, I'm just standing up.

20                  THE COURT:  Okay.

21                  MS. CHOI:  Your Honor, I think it would be proper to

22    put in an order for probation to start the presentence report

23    so we can talk to defense counsel as to a specific date.

24                  THE COURT:  My standard is to set four months for

25    those out of custody, and that's the request of the probation
```

1   officer.  Why don't we pick a date four months, and then within

2   a week you can -- unless you can put in requests for an

3   alteration of that, but I'll get a date from the deputy for

4   four months out, and I will order the preparation of the

5   presentence report.

6           Defense counsel, I assume that you wish to be present

7   for any interview in connection with the report?

8           MR. CREIZMAN:  Yes.

9           MR. KLINGEMAN:  Yes, please.

10          THE COURT:  I order there be no interview by probation

11  department unless counsel is present.

12          Mr. Lebedev and Mr. Gross, the presentence report that

13  will be prepared by the probation department is important to me

14  in determining what sentence to impose.  I encourage you to

15  read it and discuss it with your counsel.  If there are any

16  errors in the report, point them out to your attorneys so they

17  can bring it to my attention before sentencing.

18          Sentencing is set for Friday, July 20th at noon for

19  Mr. Lebedev, and 2:00 p.m. for Mr. Gross.

20          MR. CREIZMAN:  Your Honor, if your Honor would be open

21  to this application.  This jury obviously put a lot of time

22  into deliberating and has thought about it.  And if your Honor

23  were to ask the jurors at their option, whoever wants to stay

24  could stay, but if they are interested in meeting, counsel just

25  who has some questions, not for any other purpose, just to

 1    understand what they thought about various pieces of evidence,

 2    I think I would appreciate the opportunity.

 3              THE COURT:  I'll remind them it's up to them whether

 4    they want to speak to anybody, and I'll indicate an attorney

 5    has expressed an interest.

 6              MR. KLINGEMAN:  Your Honor, before we adjourn, I just

 7    wanted to renew our motion under Rule 29 and preserve our

 8    ability to submit on that at your Honor's direction.

 9              THE COURT:  Okay.

10              MR. CREIZMAN:  Your Honor, the same here.  We renew.

11              THE COURT:  Why don't you confer on a briefing

12    schedule and submit it to me by Wednesday of next week.

13    Agreed-upon schedule, if you can, and if not, your differing

14    views.

15              Anything else to take up?

16              MS. CHOI:  Not from the government, your Honor.  Thank

17    you.

18              MR. CREIZMAN:  No, your Honor.

19              MR. KLINGEMAN:  No.

20              THE COURT:  Thank you again, everyone.  We are

21    adjourned.

22              (Adjourned)

23

24

25