*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 8, 2017

**BY ECF**

The Honorable Alison J. Nathan
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Centre Street
New York, New York 10007

      Re:    **United States v. Jose Freundt,**
              S4 15 Cr. 769 (AJN)

Dear Judge Nathan:

      The Government respectfully submits this letter to advise the Court of the pertinent facts concerning the substantial assistance that Jose Freundt has rendered in the investigation and prosecution of other persons. In light of the facts set forth herein, and assuming that Freundt continues to comply with the terms of his cooperation agreement and commits no additional crimes before sentencing, the Government intends to move at sentencing, pursuant to Section 5K1.1 of the United States Sentencing Guidelines (the "Guidelines"), that the Court sentence Freundt in light of the factors set forth in Section 5K1.1(a)(1)-(5) of the Guidelines. Freundt is scheduled to be sentenced on December 18, 2017 at 12:00 p.m.

## Background

      This Court is familiar with the facts concerning Freundt's criminal conduct, which are set forth in the Presentence Report ("PSR") and detailed in Freundt's testimony at the trial of his co-defendants, Yuri Lebedev and Trevon Gross. To summarize: In or about April 2014, Anthony Murgio contacted Freundt and told him that Murgio had obtained control of HOPE Federal Credit Union ("HOPE FCU") in New Jersey in order to provide banking solutions to Bitcoin companies. When Freundt asked how Murgio had obtained control of the credit union, Murgio told Freundt that he had arranged for Collectables Club to make "donations" to a church with which the credit union was affiliated. Murgio asked Freundt to serve on the board of HOPE FCU, and Freundt agreed. After further conversations with Murgio and Gross, it became clear to Freundt that the "donations" were part of a *quid pro quo* by which Gross had agreed to turn over board control of the credit union to Murgio and the Collectables Club in exchange for bribes. For his service on the board of HOPE FCU, Murgio paid Freundt approximately $1,680.

Hon. Alison J. Nathan
December 8, 2017
Page 2

After Freundt and Murgio's other hand-picked directors, including Lebedev, were installed on HOPE FCU's board, Murgio was able to operate the credit union as he pleased. Freundt became aware of "red flags" that had been raised to the National Credit Union Administration ("NCUA") as a result of the high volume of ACH transactions that Murgio and Gross permitted to be run through the credit union on behalf of Kapcharge. Freundt was also aware that the credit union lacked sufficient capital or adequate anti-money laundering controls to support the ACH processing that it was conducting. The ACH processing caused tension between Murgio and Gross. At a meeting at the credit union in November 2014, which Freundt attended, it was agreed that Gross would arrange for the resignation of the remaining "legacy" board members in exchange for a final $50,000 payment to his church, which Freundt testified he understood to be a bribe. When Murgio failed to pay the bribe within the allotted time, Gross backed out of the deal and severed ties with the Collectables Club.

In April 2015, Freundt was seeking employment and Murgio offered Freundt a job at Coin.mx, Murgio's illegal Bitcoin exchange. Freundt worked at Coin.mx as a customer service representative from April 2015 to July 2015, when Coin.mx ceased operations following Murgio's and Lebedev's arrests. While working at Coin.mx, Freundt became aware that Coin.mx was not licensed as a money transmitter with the State of Florida or registered with FinCEN. In addition, Freundt personally facilitated three-way calls between Coin.mx customers and their banks in order to seek the banks' authorization of Bitcoin transactions. Freundt instructed customers not to disclose to the banks that the transactions related to Bitcoin because Freundt understood that banks would likely deny the transactions if they knew that they were for Bitcoin. Freundt was also aware that despite the official policy of Coin.mx not to process Bitcoin transactions for ransomware victims, Coin.mx continued to do so while Freundt was employed there.

In July 2015, the FBI and the Secret Service arrested Murgio and Lebedev and executed a search warrant at Coin.mx's office in Tallahassee, Florida. At trial, Freundt testified that he spoke with U.S. Secret Service Special Agent Emily Beyer who authorized him to withdraw back salary that he was owed by Coin.mx from Coin.mx's bank account. Freundt claimed that Special Agent Beyer also told Freundt to pay himself a "nice little bonus," although Special Agent Beyer testified that she would never have said that to Freundt. In any event, Freundt subsequently withdrew approximately $5,000 from Coin.mx's bank account. Altogether, Freundt earned approximately $10,000 from Coin.mx, including the $5,000 he withdrew after the takedown.

## Freundt's Cooperation

In April 2016, FBI agents approached Freundt at his home in Tallahassee. At the time, Freundt had not been charged or arrested in this case. During the FBI interview, Freundt agreed to cooperate with the Government's investigation of Coin.mx and HOPE FCU. Freundt also consented to a search of his laptop and telephone. Freundt subsequently traveled to New York and began proffering with the Government. From the outset, and over the course of three proffers before his guilty plea, Freundt was forthcoming and truthful about his own criminal conduct and that of other individuals involved in the Coin.mx and HOPE FCU criminal schemes. Expressing remorse for his conduct, Freundt approached his cooperation with diligence, a positive attitude, and with the goal of doing everything he could to account for his crimes. The

Hon. Alison J. Nathan
December 8, 2017
Page 3

information provided by Freundt was both timely and useful in helping the Government better to understand the mechanics of the Coin.mx and HOPE FCU schemes. Information provided by Freundt was also extremely useful in proving his co-defendants' knowledge and intent, particularly with respect to the HOPE FCU bribery scheme.

On October 13, 2016, Freundt waived indictment and pleaded guilty, pursuant to a cooperation agreement, to a superseding information charging him with conspiracy to operate an unlicensed money transmitting business, in violation of 18 U.S.C. § 371; operation of an unlicensed money transmitting business, in violation of 18 U.S.C. § 1960; conspiracy to commit bank bribery, in violation of 18 U.S.C. § 371; bank bribery, in violation of 18 U.S.C. § 215; and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Freundt also agreed to pay forfeiture and restitution as ordered by the Court.

In February 2017, Freundt testified at the trial of co-defendants Lebedev and Gross. In advance of trial, Freundt traveled from Florida to meet with prosecutors and agents on four occasions, including on weekends and in the evenings, to prepare for his trial testimony. Freundt then testified over two days at trial. In his testimony, Freundt credibly explained to the criminal conduct in which he engaged and the roles that his co-conspirators played in those schemes. Freundt was equally forthcoming and credible on cross-examination. Freundt's testimony was corroborated by documentary evidence, including emails, recordings, and WhatsApp messages, some of which Freundt helped interpret for the jury. Most significantly, Freundt's testimony directly implicated Lebedev and Gross in the HOPE FCU bribery scheme and provided useful background about the criminal nature of Coin.mx's operations. As the Court is aware, Lebedev and Gross—who were both more culpable than Freundt—were convicted at trial.

In addition to Freundt's trial testimony in this case, the Government believes that Freundt's cooperation was helpful in securing the guilty plea of Anthony Murgio, against whom the Government could have called Freundt as a witness had Murgio proceeded to trial. Indeed, Freundt was ready, willing, and able to testify against Murgio and the Government believes that Freundt's testimony would have been very powerful against Murgio.

In sum, Freundt has provided substantial assistance to the Government's efforts to investigate and prosecute the individuals involved in Coin.mx and the HOPE FCU bribery schemes. Freundt has done everything asked of him by the Government as a cooperating witness and his cooperation has been fruitful. Further, Freundt has continued to abide by the terms of his pretrial supervision for over one year since his waiver of indictment and guilty plea.

**Forfeiture and Restitution**

As part of Freundt's sentence, the Government respectfully requests that the Court order Freundt to forfeit $11,680, which represents the proceeds that Freundt obtained as a result of his participation in the Coin.mx and HOPE FCU schemes. The Government further requests that the Court order Freundt to pay restitution of no more than $194,293.72 to the NCUA jointly and severally with his co-defendants. The Government will submit proposed orders of forfeiture and

restitution at sentencing, by which time the Government anticipates it will have a final restitution amount for the NCUA.

### **Conclusion**

As set forth above, the Government has determined that Jose Freundt has provided substantial assistance in the investigation and prosecution of other individuals. Accordingly, the Government expects to request at sentencing that the Court sentence Freundt in light of the relevant facts set forth above and the factors set forth in Section 5K1.1(a)(1)-(5) of the Guidelines.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By: _____
Daniel S. Noble / Eun Young Choi / Won Shin
Assistant United States Attorneys
(212) 637-2239 / 2187 / 2226

cc: Jason Eldridge, Esq. (by email)
*Attorney for Jose Freundt*

Ross Kapitansky, U.S. Probation Officer (by email)